

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-0007-13 & PD-0008-13

### ALI YAZDCHI, Appellant

### v.

### THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIRST COURT OF APPEALS
## HARRIS COUNTY

ALCALA, J., delivered the opinion of the Court, in which KELLER, P.J., MEYERS, KEASLER, HERVEY, and COCHRAN, JJ., joined. PRICE, J., filed a concurring opinion. WOMACK, J., concurred. JOHNSON, J., filed a dissenting opinion.

## O P I N I O N

In this case, we address whether a defendant is eligible for felony community supervision from a jury when his prior community supervision, which he received under a straight probation and which was terminated by a discharge order that permitted him to withdraw his plea of guilty, dismissed the indictment, and set aside the verdict, becomes

resurrected by the conviction in the present case.[1] *See* TEX. CODE CRIM. PROC. art. 42.12,

§ 20(a). Suggesting that we answer this question affirmatively, Ali Yazdchi, appellant,

argues in his petition for discretionary review that the court of appeals erred by holding that

the trial court properly refused his pretrial sworn motion for community supervision on the

ground that he was ineligible for community supervision from a jury. *See Yazdchi v. State*,

Nos. 01-10-01090-CR, 01-10-01091-CR, 2012 Tex. App. LEXIS 9316, 2012 WL 5381211,

at *6 (Tex. App.—Houston [1st Dist.] Nov. 1, 2012) (mem. op., not designated for

publication). Based on our examination of the plain meaning of the statutory language in

Article 42.12, Section 20(a), we agree with the court of appeals's holding that appellant was

ineligible for community supervision due to a prior felony conviction. *See* TEX. CODE CRIM.

PROC. art. 42.12, § 20(a).[2] We also agree with the court of appeals that appellant failed to

---

[1]    Prior to September 1, 1993, community supervision was referred to as probation. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3716. We use the terms interchangeably in this opinion. We also refer to appellant's community supervision as straight probation to distinguish this situation from one in which a defendant receives community supervision through a deferred adjudication.

[2]    At the time of appellant's trial, Section 20(a) stated,

At any time after the defendant has satisfactorily completed one-third of the original community supervision period or two years of community supervision, whichever is less, the period of community supervision may be reduced or terminated by the judge. On completion of one-half of the original community supervision period or two years of community supervision, whichever is more, the judge shall review the defendant's record and consider whether to reduce or terminate the period of community supervision, unless the defendant is delinquent in paying required restitution, fines, costs, or fees that the defendant has the ability to pay or the defendant has not completed court-ordered counseling or treatment. Before conducting the review, the judge shall notify the attorney representing the state and the defendant. If the judge

(continued...)

preserve his complaint that the trial court erred by permitting the State to impeach him with evidence of his prior community supervision, and therefore, we do not reach the merits of that complaint. We affirm the judgment of the court of appeals.

## I. Background

### A. Prior Community Supervision and Order of Early Termination

In November 2000, appellant pleaded guilty to aggregate theft and elected to have the judge assess punishment without an agreed recommendation. *See* TEX. PENAL CODE § 31.03(a), (e)(7). The judge assessed appellant's punishment at ten years' imprisonment but suspended his sentence and placed him on straight probation with ten years' community

---

[2](...continued)

determines that the defendant has failed to satisfactorily fulfill the conditions of community supervision, the judge shall advise the defendant in writing of the requirements for satisfactorily fulfilling those conditions. Upon the satisfactory fulfillment of the conditions of community supervision, and the expiration of the period of community supervision, the judge, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the community supervision period and shall discharge the defendant. If the judge discharges the defendant under this section, the judge may set aside the verdict or permit the defendant to withdraw the defendant's plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which the defendant has been convicted or to which the defendant has pleaded guilty, except that:

    1.    proof of the conviction or plea of guilty shall be made known to the judge should the defendant again be convicted of any criminal offense; . . .

TEX. CODE CRIM. PROC. art. 42.12, § 20(a) (West 2008). Since appellant's trial, the text of Article 42.12, Section 20(a), has received a minor amendment regarding notice to the parties of judicial termination or modification. *See* Act of May 25, 2011, 82nd Leg., R.S., ch. 961, § 2, 2011 Tex. Gen. Laws 2415.

supervision. *See* TEX. CODE CRIM. PROC. art. 42.12, § 3(a), (b)(1). In February 2003, the judge terminated appellant's community supervision after he had completed two-and-a-half years of the probationary period. *See id*. § 20(a). In his discharge order, the trial judge permitted appellant to withdraw his plea of guilty, dismissed the indictment against him, and set aside the judgment of conviction. *See id*. The order, in relevant part, stated,

> And it is ordered, adjudged, and decreed: That defendant be and is hereby permitted to withdraw his/her plea of guilty or Nolo Contendere and the indictment or information by which the defendant is charged by and the same is hereby dismissed and the Judgment of conviction is hereby set aside according to law.

## B. The Present Case

About five years after appellant had satisfactorily completed his probation, he was indicted for two third-degree felonies that he committed in 2006: falsely holding oneself out as a lawyer and aggregate theft of over $20,000 and under $100,000. *See* TEX. PENAL CODE §§ 31.03(a), (e)(5); 31.09; 38.122(a). Appellant, although not actually an attorney, introduced himself as a lawyer to the people at a strip club that he frequented. The complainant, who worked at that club, approached appellant for help in collecting insurance proceeds after a serious car accident caused her severe injuries. On her behalf, appellant wrote several demand letters to the insurance companies of both drivers involved, stating that he represented the complainant and seeking each company's payment for medical, auto repair, and towing expenses. By the end of 2006, he had collected over $50,000 from the insurance companies that he deposited into his personal bank account. Appellant never

tendered any money he collected to the complainant.

Appellant was tried for both offenses at a single trial in November 2010. Prior to trial, the parties filed pretrial motions and had discussions with the trial court about the legal consequences stemming from the early termination of appellant's prior community supervision. Appellant filed a motion in limine seeking a hearing to determine, in part, whether the prior convictions listed in the State's notice were "final convictions." Appellant also filed a pretrial motion for community supervision acknowledging his earlier community supervision for felony theft that had been set aside, but later changed that election to be sentenced by the trial-court judge, apparently after the judge determined that appellant would be ineligible for community supervision from the jury. *See* TEX. CODE CRIM. PROC. arts. 37.07, § 2(b); 42.12, § 4(e).

Before the commencement of trial, the court held a hearing outside the presence of the jury for the purpose of documenting an off-the-record, pretrial colloquy from the previous day, during which the parties had discussed whether appellant was eligible for community supervision from a jury. Appellant introduced the prior discharge order for purposes of the hearing and summarized its contents. The record, in relevant part, states,

> [Defense counsel]: Further, based on—and the court has indicated that the Court's viewpoint was that there was, in fact, a felony conviction of [Appellant], and —
>
> [Trial court]: I think that, yes. Just so I can articulate it on the record. . . . I think the question is, could the defendant swear to a motion that he has never before been convicted of a felony in this state or any other state, or the federal court

in order to be able to ask for probation before the jury. And my position was that he has been convicted of a felony, regardless of the language in the early termination of that probation. So, I don't think he is eligible to go before the jury to ask for probation.

[Defense counsel]: Thank you. And, as a result of that opinion by this Honorable Court, I—I did file a Motion for Probation and also—however, I had previously filed a motion or an . . . election of punishment to go to the jury, and as a result of this opinion by this Honorable Court, I filed an amended election of punishment to go to the Court based upon this opinion and this ruling. So, for that reason, I needed to get this on the record . . . .

Appellant never requested any ruling from the trial court on the matter of whether his prior community supervision could be used to impeach his testimony if he were to testify at trial. At trial, appellant did not testify. The State, therefore, had no occasion to seek to admit impeachment testimony against appellant, and the trial court never ruled on whether appellant's prior conviction would be permitted as impeachment evidence. *See* TEX. R. EVID. 609(a). The jury subsequently convicted appellant of both offenses. In accordance with appellant's election for the trial court to impose sentence, the trial court sentenced him on each charge to concurrent ten-year prison terms.

Appellant filed original and supplemental motions for new trial for each of his convictions. His original motion asserted, in relevant part, that the trial court "has misdirected the jury about the law" and "has committed material error likely to injure the defendant's rights." Attached to his original motion, appellant provided an affidavit from his trial counsel, in which counsel stated, in relevant part, that she revised her strategy from

jury punishment to court punishment based on the trial court's ruling that appellant was ineligible for community supervision from the jury. Trial counsel also stated in her affidavit that, because of the trial court's ruling on the prior community supervision, trial counsel could not allow appellant to testify in the guilt phase of trial. Appellant also filed a supplemental motion for new trial that separately challenged the conviction on other grounds. The trial court denied both motions without a hearing.

### C. The Court of Appeals's Opinion

On appeal, the parties disputed (1) whether the trial court erred by determining that appellant was ineligible for community supervision from the jury under Section 20(a)(1), which provides for resurrection of a conviction for an offense that has been discharged under a successfully completed community supervision, and (2) whether appellant's impeachment claim was preserved for appeal. *See* TEX. CODE CRIM. PROC. art. 42.12, § 20(a)(1). Appellant asserted that the trial court's pretrial ruling erroneously denied him his right to have the jury consider community supervision in sentencing him because he had been discharged of the disabilities stemming from his earlier community supervision. Appellant argued that, under this Court's opinion in *Cuellar v. State*, a person whose conviction is set aside and indictment is dismissed under Section 20(a)'s plain language "*is not a convicted felon*" until the conviction "resurrect[s]" upon subsequent conviction. 70 S.W.3d 815, 820 (Tex. Crim. App. 2002). He suggested that the resurrection of the earlier community supervision had not yet occurred when he filed his motion for community supervision

because, at that pretrial stage, he had not yet been convicted of anything in this case, and, therefore, the motion was true at the moment of filing. *See* TEX. CODE CRIM. PROC. art. 42.12, § 4(e). Furthermore, appellant argued that under Section 4(e) of Article 42.12, eligibility for another community supervision would be determined solely by the jury, an entity not included in Section 20(a)(1)'s requirement that a set-aside conviction "shall be made known" to the judge. *See id*. § 20(a).

The court of appeals disagreed with appellant's arguments. *See Yazdchi*, 2012 WL 5381211, at *7. On appellant's community-supervision claim, the court held that the trial court correctly refused to allow appellant to submit his sworn motion to the jury. *Id*. at *8. The court noted that, in its prior decision in *Smiley v. State*, it "reasoned that, because the set-aside conviction had been 'resurrected' at the time of punishment, the defendant could not argue that he had not been previously convicted." *Id*. at *6 (citing *Smiley*, 129 S.W.3d 690, 695 (Tex. App.—Houston [1st Dist.] 2004, no pet.)). The appellate court observed that *Smiley* had relied on this Court's holding in *Cuellar v. State*, in which this Court noted that a conviction discharged under Section 20's judicial clemency provision would be "resurrect[ed]" upon subsequent conviction. *Id*. at *6 (citing *Cuellar*, 70 S.W.3d at 820). Additionally, the court held that adherence to *Smiley* was warranted under stare decisis because, given that no legislative changes had been made to Section 20(a)'s discharge provision in the decade since *Smiley* was decided, "we may reasonably infer that the legislature has approved of our interpretation." *Id*. at *7. With respect to appellant's

impeachment claim, the court held that appellant had failed to preserve that claim because he never argued to the trial court that the State should not be permitted to impeach him with his earlier community-supervision conviction, and he never obtained any ruling on that matter. *Id*. at *2.

We granted review on appellant's petition for discretionary review to clarify

[w]hether the Court of Appeals correctly interpreted Tex. Code Crim. Proc. Art. 42.12 §20 to allow [appellant] to be impeached with . . . his prior completed probation and prohibit him from filing a sworn motion for probation and allow a jury to consider his eligibility for probation when [his] prior plea was withdrawn, the indictment dismissed, and [himself] relieved of all penalties and disabilities.

## II.  Statutory Analysis of Eligibility for Subsequent Community Supervision

In its brief on discretionary review, the State contends that the trial court correctly determined appellant was ineligible for community supervision because the plain language of Section 20(a)(1) in Article 42.12 operated to resurrect his earlier-discharged community supervision.  We agree.  Applying principles of statutory construction to that provision, we find that its plain meaning supports the conclusion that appellant's conviction "resurrected" for the limited purpose of probation ineligibility.

### A.  Applicable Law for Examining the Text of the Statute for Legislative Intent

Statutory construction is a question of law, and we review the lower court's interpretation of a statute de novo.  *Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011).  In construing a statute, we must "seek to effectuate the collective intent or purpose of the legislators who enacted the legislation." *Id*. (citations omitted). In interpreting statutes,

we presume that the Legislature intended for the entire statutory scheme to be effective. *Mahaffey v. State*, 364 S.W.3d 908, 913 (Tex. Crim. App. 2012). We look first to the statute's literal text, and "'"we read words and phrases in context and construe them according to the rules of grammar and usage."'" *Harris*, 359 S.W.3d at 629 (quoting *Lopez v. State*, 253 S.W.3d 680, 685 (Tex. Crim. App. 2008)). We must "'"presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible."'" *Id.* (quoting *State v. Hardy*, 963 S.W.2d 516, 520 (Tex. Crim. App. 1997)). Words and phrases are construed under the rules of grammar and common usage unless they have acquired technical or particular meaning. *Ex parte Ruthart*, 980 S.W.2d 469, 472 (Tex. Crim. App. 1998). When statutory language is clear and unambiguous, we give effect to its plain meaning unless to do so would lead to absurd consequences that the legislature could not have possibly intended. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991); *see Ex parte Valdez*, 401 S.W.3d 651, 655 (Tex. Crim. App. 2013). We do not resort to extra-textual factors unless the language is ambiguous, meaning that it is not plain. *See Bryant v. State*, 391 S.W.3d 86, 92 (Tex. Crim. App. 2012). Ambiguity exists when the statutory language may be understood by reasonably well-informed persons in two or more different senses; conversely, a statute is unambiguous when it permits only one reasonable understanding. *Id.*

### B. The Language of Section 20 Plainly Requires Resurrection of the Conviction for the Limited Purpose of Probation Ineligibility

Although advocating differing interpretations, both parties agree that resolution of this

case depends solely on the plain language in the statute; neither contends to this Court that the statutory language is ambiguous. Based on our independent review of the statutory language, we agree with the parties that the language is plain and that it is unnecessary to turn to extra-textual factors in our analysis.

### 1. The Statute Plainly Describes Three Situations

The language of Texas Code of Criminal Procedure Article 42.12, Section 20(a), describes three situations. The first situation applies when a trial court has a mandatory duty to discharge a defendant who has successfully completed the conditions of community supervision upon the expiration of his term of supervision. Section 20(a), in relevant part, states,

> Upon the satisfactory fulfillment of the conditions of community supervision, and the expiration of the period of community supervision, the judge, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the community supervision period and shall discharge the defendant.

TEX. CODE CRIM. PROC. art. 42.12, § 20(a). This Court has observed that a defendant whose supervision is terminated under this section has been convicted of a felony, although it may not be a final conviction for use as an enhancement offense to elevate the punishment range in a future criminal proceeding. *Cuellar*, 70 S.W.3d at 818. In *Cuellar*, this Court stated, "That person has paid his debt to society and, in effect, 'graduates' from community supervision. However, that person has been convicted of a felony, even though he never went to prison and, for some purposes, it is not a 'final' felony conviction." *Id.*

The second situation described in the statutory language applies when a trial judge uses his discretion to exercise "judicial clemency" in terminating early a defendant who has satisfactorily completed the conditions of his community supervision on his straight probation. *See id*. at 819. Because the statutory language that governs this second situation uses the phrases "may set aside the verdict or permit the defendant to withdraw the defendant's plea" and "of which the defendant has been convicted or to which the defendant has pleaded guilty," this Court previously addressed whether this statutory language applied to community supervision under a straight probation, deferred adjudication, or both. This Court determined that it applied to straight probation only. *See State v. Juvrud*, 187 S.W.3d 492, 493, 495 (Tex. Crim. App. 2006); *see also Barela v. State*, 180 S.W.3d 145, 148 (Tex. Crim. App. 2005) (citing *McNew v. State*, 608 S.W.2d 166, 172 (Tex. Crim. App. 1978) (original op.)); TEX. CODE CRIM. PROC. art. 42.12, §§ 2(2), 3, 4. The judicial clemency provision, therefore, applies to offenses for which a defendant has been convicted through a straight probation.

Under the portion of the statute that describes the second situation permitting judicial clemency, the statute provides,

> [T]he judge may set aside the verdict or permit the defendant to withdraw the defendant's plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which the defendant has been convicted or to which the defendant has pleaded guilty[.]

TEX. CODE CRIM. PROC. art. 42.12, § 20(a). As this Court explained in *Cuellar*, "when a trial

judge believes that a person on community supervision is completely rehabilitated and is ready to re-take his place as a law-abiding member of society, the trial judge *may* 'set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty.'" *Cuellar*, 70 S.W.3d at 819 (quoting TEX. CODE CRIM. PROC. art. 42.12, § 20(a)). Under the discretionary type of early termination described in Section 20, therefore, "If a judge chooses to exercise this judicial clemency provision, the conviction is wiped away, the indictment dismissed, and the person is free to walk away from the courtroom 'released from all penalties and disabilities' resulting from the conviction." *Id*. (quoting TEX. CODE CRIM. PROC. art. 42.12, § 20(a)). As the *Cuellar* Court noted in determining that the language was plain, "[t]hese words are crystal clear. There is no doubt as to their meaning." *Id*. (citing *Boykin*, 818 S.W.2d at 785).

The third situation described by Section 20 provides a limited exception to the second situation when a defendant is again convicted of another offense. That portion of the statute states, "[E]xcept that: (1) proof of the conviction or plea of guilty shall be made known to the judge should the defendant again be convicted of any criminal offense[.]" TEX. CODE CRIM. PROC. art. 42.12, § 20(a)(1). In *Cuellar*, this Court explained the meaning of that statutory language, noting that "if the discharged person is subsequently convicted of another criminal offense, the previously dismissed 'former' felony conviction will resurrect itself and

be made known to the trial judge." *Cuellar*, 70 S.W.3d at 820. The *Cuellar* Court expressly noted that, when a defendant is convicted again, the third situation acts to resurrect the conviction that had been wiped away in the second situation. *See id*.

Although we agree with *Cuellar*'s analysis, we recognize that the facts in *Cuellar* never required this Court to reach the questions raised by this third situation because, in that case, the dispute centered on whether a felony conviction that was set aside under Section 20 constituted a felony conviction for purposes of proving the offense of felon in possession of a firearm. *See id*. The third situation that arises when a defendant is again convicted was not implicated by the facts of *Cuellar*, in which the defendant had shown that the second situation alone applied to him. *See id*. In *Cuellar*, because the record showed that Cuellar had received discretionary judicial clemency for his community supervision, the State could not use Cuellar's conviction that had been set aside by his community-supervision discharge to establish the "convicted of a felony" element of the offense of unlawful possession of a firearm by a felon. *Id*.; *see* TEX. PENAL CODE § 46.04(a). The holding in *Cuellar* was consistent with this Court's decision in *Walker v. State*, a case which also implicated only the second situation and not the third situation. *See* 645 S.W.2d 294, 295 (Tex. Crim. App. 1983) (en banc) (holding that because Walker received judicial-clemency discharge, he had no felony conviction and was improperly determined to be "unqualified" as a prospective juror). But the question of law in *Cuellar* and *Walker* was not, as here, whether the third situation that occurs when a defendant is again convicted of an offense effectively undoes

the judicial clemency that had occurred in the second situation for the limited purpose of probation ineligibility. *See id*.; *Cuellar*, 70 S.W.3d at 817. Because this Court has never directly analyzed the meaning of this precise statutory section, we will address the question of the implications of the resurrection of the conviction discharged under straight-probation community supervision as a matter of first impression.

### 2. Analysis of Plain Language in the Third Situation in Section 20

We proceed to examine Section 20's statutory language describing the third situation, which states, "[E]xcept that: (1) proof of the conviction or plea of guilty shall be made known to the judge should the defendant again be convicted of any criminal offense[.]" TEX. CODE CRIM. PROC. art. 42.12, § 20(a)(1). Examining the statutory language in the third situation requires that we consider the meaning of the word "except" and the phrases "should the defendant again be convicted of any criminal offense" and "proof of the conviction or plea of guilty shall be made known to the judge." *Id*. We consider each of these statutory phrases in turn below.

### a. Analysis of the Meaning of the Word "Except"

Although a defendant may have received judicial clemency under the second situation, the third situation nullifies that determination by its use of the word "except." *See* AMERICAN HERITAGE COLLEGE DICTIONARY 477 (3d ed. 2000) ("except" defined, as preposition, "with the exclusion of" or "otherwise than"; as conjunction, "unless"); *see also* OXFORD ENGLISH DICTIONARY COMPACT EDITION 916 (1st ed. 1971) ("except," used as part of "except that,"

is "a predicative clause expressing a fact that forms an exception to the statement made"). Under the plain language, the second situation applies "except" when the third situation occurs.

### b. Analysis of the Phrase "Again Be Convicted"

The third situation occurs when a defendant is "again . . . convicted of any criminal offense." TEX. CODE CRIM. PROC. art. 42.12, § 20(a)(1). As noted above, the judicial clemency awarded in the second situation applied to an offense for which a defendant had been convicted under a straight probation. By using the word "convicted" in the second situation and the term "again be convicted" in the third situation, the statute clearly applies to a defendant who is convicted of an offense and placed on community supervision under a straight probation, then entirely released from it through judicial clemency, and then has his prior conviction reinstated for the limited purpose of community supervision ineligibility when he is convicted of another offense. *Id*.; *Cuellar*, 70 S.W.3d at 820. Otherwise, the phrase "again be convicted" would be meaningless. *See* TEX. CODE CRIM. PROC. art. 42.12, § 20(a)(1). If the judicial clemency were to forever wipe away the defendant's conviction even after a subsequent conviction, as appellant suggests, then the statutory language would have merely used the word "convicted" rather than "again be convicted," which signifies that the defendant has been convicted twice. *See id*.

### c. Analysis of the Meaning of "Made Known to the Judge"

The phrase "proof of the conviction or plea of guilty should be made known to the

judge" is also plain when viewed discretely and when viewed within the context of the entire community supervision statutory scheme. *See id.*

Section 20(a)(1)'s discrete statutory language expressly requires that the conviction be made known to the judge, but it does not more particularly describe who should make it known to the judge or when this should occur. The "should be made known" language, however, is plain in that it definitively requires that the trial court be informed of the defendant's earlier straight-probation conviction. The lack of specificity as to the who and the when does not make this language ambiguous because another section of Article 42.12 describes these requirements, and we must consider the entire statutory scheme in properly resolving questions of a statute's legislative intent. *See Mahaffey*, 364 S.W.3d at 913 (citing *Murray v. State*, 302 S.W.3d 874, 879, 881 (Tex. Crim. App. 2009) (holding that statutory construction of a statute's plain language involves review of other provisions within a holistic statutory scheme rather than merely the discrete provision at issue)). We cannot conclude that the Legislature acted irrationally or ambiguously by choosing to draft a statutory scheme through several applicable sections contained within an article rather than through a single section.

In Texas, a defendant may obtain straight-probation community supervision from either a judge or a jury. *See* TEX. CODE CRIM. PROC. arts. 37.07, § 2(b); 42.12, §§ 3(a), 4(a), 4(e); 43A GEORGE E. DIX & JOHN M. SCHMOLESKY, TEXAS PRACTICE SERIES: CRIMINAL PRACTICE AND PROCEDURE § 47:5 (3d ed. 2013). We restrict our analysis to whether the

statute's language is plain under circumstances in which a defendant is to be sentenced by the jury.[3] If a defendant seeks sentencing by the jury, as here, the provision that requires that his prior conviction be made known to the judge would necessarily have to come into play at the point at which he files his motion to seek jury-recommended community supervision. *See* TEX. CODE CRIM. PROC. art. 42.12, § 4(e). For a defendant to be permitted to have a jury consider placing him on community supervision, he must first file a pretrial motion with the court stating that he has never before been convicted of a felony. *See id.* arts. 37.07, § 2(b); 42.12, § 4(e). Article 42.12, § 4(e), provides,

> A defendant is eligible for community supervision under this section only if before the trial begins the defendant files a written sworn motion with the judge that the defendant has not previously been convicted of a felony in this or any other state, and the jury enters in the verdict a finding that the information in the defendant's motion is true.

*Id.* art. 42.12, § 4(e). This provision plainly answers the question with regard to who should provide the information about the prior conviction in the case of sentencing by the jury by clearly identifying the defendant as the person who should file the written sworn motion. *See id.* Furthermore, this provision for sentencing by the jury plainly answers the question with

---

[3]      If a defendant seeks sentencing by a judge, the provision requiring that the court be informed of his prior conviction would come into play as the trial court decided whether to again grant him community supervision after he was convicted of a subsequent offense. *See* TEX. CODE CRIM. PROC. arts. 37.07, § 2(b); 42.12, § 3(a) (allowing judge to grant community supervision "after conviction"). That section that pertains to a judge's assessment of straight-probation community supervision does not describe who should inform the judge of a defendant's prior conviction discharged on community supervision or when that should occur. *See id.* art. 42.12, §§ 3, 3g; *see also id.* § 15(a)(1). It may be, therefore, that as to sentencing by a judge, the statute is ambiguous. We need not reach that question here because appellant sought sentencing by the jury and we restrict our statutory analysis to that situation.

regard to when the information must be provided by specifying that the motion must be filed before the trial begins. *See id*.

As appellant argues, it is true that a defendant must file this sworn motion for jury-recommended community supervision before he has been again convicted of anything; the motion, however, is filed under what is essentially a presumption that the defendant will be found guilty and that the jury will then be called upon to sentence him. The requirement that this motion be filed pretrial, then, serves a practical purpose of permitting the judge and parties to voir dire the jury about their feelings regarding punishment, which is irrelevant if the judge will be sentencing a defendant. Contrary to appellant's claims, it would be irrational to conclude that a defendant does not have to make his prior conviction known to the judge under the theory that he had not yet been convicted of the offense for which he is on trial when he would necessarily have been convicted of that offense by the time the jury assesses punishment. *See id*. arts. 37.07, § 2(b); 42.12, § 4(e). The whole point of filing the pretrial motion is to determine whether a defendant is eligible for community supervision from a jury under the assumption that the jury will be sentencing him after finding him guilty. *Id*. We, therefore, are unpersuaded that appellant presents a reasonable interpretation of this statute by asserting that, at the point that he filed his motion for community supervision, he was not yet a convicted felon and, therefore, could file the motion that would be untrue at the point that the jury would be called upon to assess his sentence.

Furthermore, appellant's suggestion that a judge plays no role when the jury is the

entity deciding whether a defendant receives community supervision misunderstands the community-supervision scheme set forth by the Legislature. A judge is authorized to reject a motion for community supervision filed by an ineligible defendant. *See Cherry v. State*, 502 S.W.2d 9, 12 (Tex. Crim. App. 1973); *see also Thompson v. State*, 604 S.W.2d 180, 181 (Tex. Crim. App. 1980) (reversing trial court's refusal to file defendant's probation application due to ineligibility). It is the judge who determines whether a defendant is legally eligible to be considered for community supervision by the jury. *See Palasota v. State*, 460 S.W.2d 137, 140 (Tex. Crim. App. 1970) (where no proof after filing of sworn motion showed that defendant was eligible for probation, "the court should not, as it did, have submitted the issue of probation"); *Walker v. State*, 440 S.W.2d 653, 659 (Tex. Crim. App. 1969); 43A GEORGE E. DIX & JOHN M. SCHMOLESKY, TEXAS PRACTICE SERIES: CRIMINAL PRACTICE AND PROCEDURE § 47:16 (3d ed. 2013) (opining that, while requirements of sworn motion and "proof" are independent, "[i]f the evidence is clear that the defendant has previously been convicted of a felony, then the judge determines as a matter of law that the defendant is not eligible for community supervision and refuses to submit the issue to the jury").

Appellant contends that he was eligible to file a pretrial motion for jury-recommended community supervision because, under the language of Section 20(a), his set-aside discharge order constituted "an exoneration of the accused" equivalent to being "never found guilty in the first place." But this interpretation fails to take into consideration the language of the

entire statutory scheme, which provides that under Section 20(a), an earlier judicial-clemency discharge is treated as a conviction for the limited purpose of probation ineligibility upon subsequent conviction of another offense. *See* TEX. CODE CRIM. PROC. art. 42.12, § 20(a)(1). Furthermore, this Court has decided, in other contexts, that a conviction set aside in a discharge order does not equate to an exoneration as if the defendant had never been found guilty. *See Taylor v. State*, 612 S.W.2d 566, 571 (Tex. Crim. App. 1981) (panel op.) (holding that probationer restored to his civil rights by discharge order from another state setting aside that verdict and conviction counted as a final felony conviction and "did not 'wipe the slate clean' as far as probation eligibility" from the jury). Similarly, appellant's argument that a set-aside discharge order is equivalent to an executive pardon is unavailing for purposes of determining eligibility for community supervision without an express determination that a person has been exonerated of the offense. *See Watkins v. State*, 572 S.W.2d 339, 343 (Tex. Crim. App. 1978) (holding as a matter of law that defendant was ineligible for probation because presidential pardon did not eliminate his prior felony conviction); *Smiley*, 129 S.W.3d at 695 (holding defendant ineligible for community supervision from the jury based on judicial-clemency discharge under Section 20); *Samaniego v. State*, 647 S.W.2d 762, 764 (Tex. App.—Austin 1983, no pet.) (holding set-aside discharge order under Section 20(a)'s statutory predecessor did not preclude use of underlying conviction to bar probation eligibility after subsequent conviction).[4]

---

[4]     Appellant also argues that "courts have held that the plain language of Article 42.12, § 20
(continued...)

We hold that, under the entire statutory scheme governing regular community supervision, the statutory language is plain in providing that appellant was ineligible for jury-recommended community supervision because, even though he received judicial clemency on an earlier community supervision, that conviction was resurrected for the limited purpose of probation ineligibility when he was convicted of the present offense. We, therefore, affirm the judgment of the court of appeals overruling appellant's point of error with respect to this issue.

### III. Appellant Failed to Preserve His Impeachment Issue on Appeal

---

[4](...continued)

has no meaning in fact," but none of the cases that he cites supports this argument. In *Baker v. State*, this Court held that a jury could find in its verdict that the defendant has never before been convicted of a felony when the record showed that Baker's two convictions for aggravated robbery were on appeal at the time of the trial and, therefore, were not final convictions. 520 S.W.2d 782, 783 (Tex. Crim. App. 1975). Here, there is no suggestion that appellant's prior community supervision lacked finality because it was on appeal. In *McDowell v. State*, the Texarkana Court of Appeals held that McDowell was ineligible for jury-recommended community supervision because the discharge from her community supervision did not include "an express finding by the trial court that the defendant was exonerated from the previous finding of guilt." 235 S.W.3d 294, 298 (Tex. App.—Texarkana 2007, no pet.). Additionally, appellant cites to *Watkins v. State*, which held that, assuming that the set-aside discharge order at issue was a full pardon from his conviction, it nonetheless precluded him from seeking community supervision from a jury because the order did not purport to exonerate him from the prior finding of guilt. 572 S.W.2d 339, 341–42 (Tex. Crim. App. 1978). Furthermore, appellant cites to *Taylor v. State*, which held that "pardons, absent an express finding on their face of subsequent proof of Watkins' innocence, did not 'wipe the slate clean' as far as probation eligibility." 612 S.W.2d 566, 570–71 (Tex. Crim. App. 1981) (panel op.). Similar to *McDowell*, *Taylor*, and *Watkins*, appellant has not shown that the discharge order here included an express finding of exoneration. *See id*. Appellant also cites *Samaniego v. State*, a case with the same holding that this Court reaches today. 647 S.W.2d 762, 764 (Tex. App.—Austin 1983, no pet.). In that case, the court held that Samaniego was ineligible for jury-recommended community supervision even though the community-supervision termination order stated that the indictment against Samaniego was dismissed and that he was released of all penalties and disabilities resulting from the crime or offense of which he had been convicted. *Id*. The court rejected Samaniego's argument that his conviction lacked finality and should be treated as a "hybrid deferred adjudication proceeding." *Id*. at 763. Nothing in *Samaniego*, therefore, supports appellant's argument. *See id*.

Appellant contends that the court of appeals erred by holding that he did not preserve his complaint that, as a result of the trial court's ruling that his prior conviction was resurrected by his subsequent conviction in this case, he was deprived of the opportunity to testify at the guilt stage of his trial. Citing to Supreme Court precedent in *Luce v. United States*, 469 U.S. 38, 42 (1984), appellant suggests that, although he did not testify at trial, he should not have to testify to challenge a trial court's ruling permitting impeachment evidence. *See Luce*, 469 U.S. at 42. We agree with the court of appeals that appellant presented no argument to the trial court on the matter of whether he could be impeached with his prior conviction discharged under straight probation and that the trial court never ruled on that subject. Because appellant failed to preserve his complaint, we do not reach his arguments on the applicability of *Luce*. *See id*.

For a party to preserve a complaint for appellate review, the complaining party must make a specific objection and obtain a ruling on the objection. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). In addition, a party must make the complaint at the earliest possible opportunity, and the point of error on appeal must comport with the objection made at trial. *Id*. Failure to object at trial may waive even constitutional errors. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) (citing TEX. R. APP. P. 33.1); *Saldano v. State*, 70 S.W.3d 873, 889–90 (Tex. Crim. App. 2002) (equal protection claim related to admissibility of evidence waived by non-objection); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (waiver of federal constitutional due-process rights occurred by non-

objection at trial).

The record here shows that, at the pretrial hearing to record what happened during an off-record colloquy on the motion in limine, the trial judge recounted her ruling that, "I think the question is, could the defendant swear to a motion that he has never before been convicted of a felony in this state or any other state, or the federal court in order to be able to ask for probation before the jury." Although the trial judge's statement expressly showed her understanding of her ruling's scope in its limitation to the question of appellant's ability to seek community supervision from the jury, appellant failed to object or request a ruling on impeachment. *See Dixon v. State*, 2 S.W.3d 263, 266 (Tex. Crim. App. 1998) (general objection preserves error where ground is apparent to trial judge); *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) (same). Despite appellant's failure to object pretrial or at trial, appellant's counsel averred in a motion for new trial that the trial court's ruling caused appellant not to testify at the guilt stage to prevent the introduction of his prior straight probation as impeachment evidence. Because it was made for the first time post-trial, that argument was not timely presented to the trial court. *See Hollins v. State*, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991) ("In order to be considered timely, an objection must be made as soon as the ground of objection becomes apparent [or] the defense knows or should know that an error has occurred."); TEX. R. APP. P. 33.1(a).[5] We hold that the court

---

[5]     We note that, to be used as impeachment evidence, a conviction must be final, and ordinarily a successfully completed community supervision may not be used to impeach a defendant. *See* TEX. R. EVID. 609(c); *Ex parte Menchaca*, 854 S.W.2d 128, 131 (Tex. Crim. App. 1993); *Ransonnette*

(continued...)

of appeals properly determined that the trial court rendered no "decision" or "ruling" and that appellant, therefore, failed to preserve the issue for consideration on appeal. *See Fuller*, 253 S.W.3d at 233.

## IV. Conclusion

We hold that the court of appeals properly determined that (1) appellant was not eligible for community supervision from the jury because his conviction in this case revived his earlier conviction for the limited purpose of probation ineligibility, even though his earlier conviction had been terminated by a discharge order that permitted him to withdraw his plea of guilty, dismissed the indictment, and set aside the verdict, and (2) appellant did not preserve his complaint that it is impermissible to impeach his testimony with a prior probation that was discharged through judicial clemency. The judgment of the court of appeals is affirmed.

Filed: April 9, 2014

PUBLISH

---

[5](...continued)
*v. State*, 522 S.W.2d 509, 510–11 (Tex. Crim. App. 1975); 43 GEORGE E. DIX & JOHN M. SCHMOLESKY, TEXAS PRACTICE SERIES: CRIMINAL PRACTICE AND PROCEDURE § 39:14 (3d ed. 2013) ("[I]f the defendant has successfully served a term of probation upon conviction of an offense, and the trial court set aside the conviction, it cannot be used to impeach the defendant's testimony in a later case.").