

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00704-CR

Juan Erik **FLORES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B14289
Honorable M. Rex Emerson, Judge Presiding

Opinion by:   Jason Pulliam, Justice

Sitting:   Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Jason Pulliam, Justice

Delivered and Filed:  September 7, 2016

AFFIRMED

Juan Erik Flores was convicted by a jury of two counts of aggravated sexual assault of a child and sentenced to ninety-five years' imprisonment.  Flores's sole complaint on appeal is that the State did not give him adequate notice of its intent to use extraneous offenses as evidence at the punishment phase of his trial.  We affirm the trial court's judgment.

### PROCEDURAL HISTORY

In a three-count indictment in cause number B14-289, Flores was indicted for: (1) continuous sexual abuse by engaging in indecency with a child by contact involving two victims,

Z.F. and V.F.; (2) aggravated sexual assault of A.F.; and (3) aggravated sexual assault of A.F.[1] The first count was alleged to have occurred on or about June 1, 2013, through August 15, 2013, and the second and third counts were alleged to have occurred on or about January 3, 2004.

Flores filed a motion and an amended motion to sever the three offenses. The trial court denied the motions.

Flores subsequently filed a written request for notice of the State's intention to use evidence of extraneous offenses at trial. In response to Flores's request, the State provided notice of its intent to offer the following:

> On or about January 3, 2004 through August 15, 2013 the defendant in Kerr County, in the State of Texas, did then and there commit the offense of aggravated sexual assault of a child, indecency with a child as alleged in indictment B14-289 and in the offense report 1300016287. The victim's [sic] in this case being Z.F., V.F., A.F., A.F. and the State of Texas.

At a pretrial hearing the day before trial, Flores's attorney reurged the motion to sever which the trial court denied. Immediately after the case was called for trial the following day, the State announced it believed the trial court correctly denied the motion to sever; however, the State was going to agree to sever the first count into a different cause number and proceed to trial only on the second and third counts. Flores's attorney did not object to the severance or request a continuance. After the jury was selected, Flores pled guilty to the two offenses, and the State offered evidence in support of the plea. The jury found Flores guilty of both offenses.

The following day, trial was set to proceed on punishment. Outside the jury's presence, a brief hearing was held with regard to the admission of evidence of extraneous offenses. The State reminded the trial court that its notice referenced the indecency with a child offenses set forth in

---

[1] Counts two and three involved two separate victims; however, the initials of both victims are A.F.

the first count of the indictment. Flores's attorney responded a problem existed with the notice

stating the notice was vague despite the State's open file policy, asserting:

> [Flores's attorney]: …. But we can start with the notice issue. It's in the <u>Buchanan</u> case. And the gist of this case is that an open file policy does not constitute notice. The whole point of notice is to show intent, is to show what it is you're going to be putting on later. And by leaving it vague and open, and in this case it's basically a paragraph that says "whatever is in the police report," doesn't tell me what the prosecution intends to do at trial. It's a blanket statement.

The State responded to this argument asserting:

> [Prosecutor]: …. We specifically said indecency with a child referred to an offense report other than trying to attempt a date and other information like that. I don't know how we can be more specific in saying indecency with a child and name a specific criminal act that has been thought [to have] occurred.

With regard to Flores's notice objection, the trial court made the following ruling:

> THE COURT: Okay. As to the three objections that were presented to the Court, as to the notice objection,[2] it's my understanding that all the discovery was provided to the Defense, correct?
> [Flores's attorney]: Yes, sir, it was.
> THE COURT: Including the specific offense report that is listed in the notice requirement; is that correct?
> [Flores's attorney]: It was, Your Honor.
> THE COURT: Court is going to deny the notice objection….

After the trial court's ruling, the trial proceeded on punishment, and the jury assessed a

sentence of ninety-five years' imprisonment. Flores appeals.

### PRESERVATION OF ERROR

Flores contends he did not have proper notice of the State's intention to use the indecency

with a child extraneous offenses because the State did not give new notice of its intent to use those

extraneous offenses after the severance. The State first responds Flores has not preserved this

complaint for our review. We agree.

---

[2] Flores only complains on appeal about the trial court's ruling on the notice objection. Flores does not raise any issue on appeal regarding the other two objections.

"For a party to preserve a complaint for appellate review, the complaining party must make a specific objection and obtain a ruling on the objection." *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014); *see also* TEX. R. APP. P. 33.1. The purpose for requiring an objection is to "let the trial judge know what [the complaining party] wants and why [he] thinks [he] is entitled to it, and do so clearly enough for the judge to understand and at a time when the trial court is in a position to do something about it." *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014). Accordingly, in order to preserve error, the issue on appeal "must comport with the objection made at trial." *Id.*

In the instant case, the objection made by Flores's attorney at trial was the notice provided by the State was vague because the notice generally referred to the offense report. The issue on appeal is that the notice was inadequate because, after the severance, the State did not provide notice of its intent to use the offenses alleged in the first count of the indictment as evidence during the punishment phase of trial. Because the issue on appeal does not comport with the objection made at trial, Flores has not preserved his complaint for our review. *Id.*

### ADEQUACY OF NOTICE

Even if error had been preserved, we would reject Flores's complaint. Because the evidence about which Flores complains was introduced during the punishment phase of trial, the adequacy of notice is governed by article 37.07, section 3(g) of the Texas Code of Criminal Procedure.[3] *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (West Supp. 2016).

---

[3] During the hearing, many references were made to article 38.37 of the Code and Texas Rule of Evidence 404(b). Article 38.37 and Rule 404(b) address notice of extraneous offenses the State intends to introduce into evidence during the guilt-innocence phase of trial. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 3 (West Supp. 2016); TEX. R. EVID. 404(b)(2). "Neither Article 38.37 nor Rule 404(b) applies to limit the introduction of evidence offered for purposes of assessing punishment." *See Williams v. State*, No. 01-15-00629-CR, 2016 WL 4055427, at *2 (Tex. App.— Houston [1st Dist.] July 28, 2016, no pet. h.) (not designated for publication). Both Flores and the State appear to acknowledge this since they cite article 37.07, section 3(g) in their briefs.

We review a trial court's decision to admit evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court does not abuse its discretion unless its ruling lies outside the zone of reasonable disagreement. *Id.*

Article 37.07, section 3(g) requires the State, upon request, to notify the accused of extraneous offense evidence it intends to introduce at the punishment phase of trial. *See* TEX. CODE CRIM. PROC. art. 37.07, § 3(g). At the time the State provided its notice in the instant case, evidence relating to the indecency with a child offenses was primary evidence of the offense alleged in the first count of the indictment. *See Dixon v. State*, No. 03-01-00459-CR, 2002 WL 31206210, at *7 (Tex. App.—Austin Oct. 3, 2002, pet. ref'd) (noting prior to severance evidence of offense charged in the indictment was primary evidence of the alleged offense) (not designated for publication). The evidence only became evidence of an "extraneous" offense on the day of trial when the State agreed to the severance. *See Hall v. State*, No. 10-12-00020-CR, 2014 WL 1516881, at *3 (Tex. App.—Waco Apr. 17, 2014, no pet.) (noting charged offenses were not "extraneous" until severance was granted) (not designated for publication); *Dixon*, 2002 WL 31206210, at *7 (same). Thus, the question presented is whether Flores had sufficient notice that the State would introduce evidence relating to the indecency with a child offenses as punishment evidence after the offenses were severed into another cause. *See Dixon*, 2002 WL 31206210, at *7.

"The purpose of the section 3(g) notice requirement is to enable the defendant to prepare to meet the extraneous offense evidence offered by the State at the punishment phase." *Id.* "Allegations in an indictment are sufficient to provide a defendant with notice of the State's intent to present evidence pertaining to those allegations." *Martinez v. State*, No. 04-99-00051-CR, 2000 WL 84484, at *2 (Tex. App.—San Antonio Jan. 26, 2000, no pet.) (not designated for publication). Until the State agreed to the severance on the day trial began, Flores and his attorney "had every

reason to expect the State to introduce [evidence regarding the indecency with a child offenses] as evidence in its case-in-chief." *Dixon*, 2002 WL 31206210, at *7. And, before the severance, the State already notified Flores that it intended to introduce that evidence. *See id.* As a result, Flores "clearly had notice of the State's intent to offer the evidence, since the conduct was alleged in the indictment when it was filed on" May 28, 2014, almost a year and a half before trial. *Martinez*, 2000 WL 84484, at *2. Therefore, under the circumstances, the trial court did not abuse its discretion in determining Flores had ample time and opportunity to prepare to meet the evidence relating to the indecency with a child offenses. *See Dixon*, 2002 WL 31206210, at *7.

## CONCLUSION

The trial court's judgment is affirmed.

Jason Pulliam, Justice

DO NOT PUBLISH