

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-18-00117-CR

———————————————————

SAMMY AGUIRRE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1395360W

Before Meier, Gabriel, and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

After the trial court placed appellant Sammy Aguirre on deferred-adjudication community supervision for felony assault against a member of his family or household,[1] the court found that he violated a condition of the community supervision, revoked the community supervision, and sentenced him to four years' confinement. Aguirre does not appeal his conviction or his sentence. Rather, he challenges the trial court's assessment of certain fees and costs. In his first point, he argues that the trial court erred by assessing $685 in court-appointed attorney's fees. In his second point, he asserts that the trial court erred by assessing a $28 cost "Due to CSCD" and by assessing $1,112 in unpaid probation fees as reparations. We modify the trial court's judgment and affirm it as modified.

## Background

The State charged Aguirre with assaulting a member of his family or household; the charging instrument alleged that he had a prior conviction for that offense. In December 2014, pursuant to a plea-bargain agreement, he pleaded guilty. In accordance with the plea bargain, the trial court deferred adjudication of his guilt and placed him on community supervision for three years. The trial court's deferred-adjudication order stated that he owed attorney's fees in an amount "to be determined." A "certificate of proceedings" filed in the record upon his plea stated

---

[1]*See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(A) (West Supp. 2018).

2

the same. Likewise, a bill of costs stated that attorney's fees were "to be determined," and Aguirre's conditions of community supervision required him to pay attorney's fees "in the amount of $TBD."

In December 2017, the State filed a petition for the trial court to revoke Aguirre's community supervision. After holding a hearing, the trial court found that Aguirre had violated a condition of his community supervision, convicted him, and sentenced him to four years' confinement. In the judgment adjudicating his guilt, the trial court ordered him to pay $1,825 as reparations. A document filed by the community supervision and corrections department shows that $1,112 of the reparations were unpaid probation fees, that Aguirre owed $28 that was "DUE TO CSCD," and that he owed $685 in attorney's fees.[2] The trial court also signed a nunc pro tunc order that corrected the December 2014 deferred-adjudication judgment so that it recited that Aguirre owed attorney's fees of $300. Aguirre brought this appeal.

## Attorney's Fees

In his first point, Aguirre argues that the trial court erred by requiring him to pay attorney's fees. He contends that the court could not require him to pay attorney's fees because he was indigent throughout the proceedings, as evidenced by his representation by appointed counsel. He recognizes that a trial court has authority to order an indigent defendant to pay attorney's fees to the extent that the defendant has

---

[2]These three amounts equal $1,825; we therefore reject Aguirre's assertion that the "composition of [the $1,825] is not entirely clear."

resources to do so. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2018). He argues, however, that the trial court never found that he was able to pay any amount and that the court therefore lacked the authority to require him to do so. He contends that because he "was found to be indigent . . . and there is nothing in the record to demonstrate a material change in circumstances, the evidence is insufficient to support" the requirement that he pay $685 in attorney's fees. Finally, he argues that the trial court violated his right to due process by assessing the attorney's fees.

With respect to the $300 in attorney's fees that arise from the initial deferred-adjudication proceedings (as established by the "to be determined" language in the 2014 judgment and by the $300 assessment in the 2018 nunc pro tunc order), the State contends that Aguirre forfeited his complaint by not objecting to the requirement that he pay attorney's fees when he was originally placed on community supervision. Generally, to present a complaint on appeal, a defendant must have presented the same complaint to the trial court and must have received a ruling. Tex. R. App. P. 33.1(a). These preservation-of-error requirements apply to constitutional complaints, including assertions of violations of due process. *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014), *cert. denied*, 135 S. Ct. 1158 (2015).

To argue that Aguirre forfeited his complaint about the trial court's assessment of $300 in attorney's fees, the State relies on the court of criminal appeals's decision in *Riles v. State*, 452 S.W.3d 333 (Tex. Crim. App. 2015). We agree that *Riles* compels us to hold that Aguirre forfeited his complaint.

4

In *Riles*, like in this case, the trial court deferred adjudication of Riles's guilt, placed her on community supervision, and ordered her to pay attorney's fees without specifying an amount. *Id.* at 334. Also like in this case, the record contained other documents (including plea paperwork) reciting Riles's obligation to pay attorney's fees. *Id.* Riles did not appeal from the order deferring guilt and imposing community supervision. *Id.* When the trial court revoked her community supervision and adjudicated her guilt, the court required her to pay $1,000 in attorney's fees. *Id.* at 335. On appeal from the judgment adjudicating her guilt, she argued, as Aguirre argues, that the "trial court erred in ordering her to pay the [attorney's fees] without any evidence that she had the ability to pay [them]." *Id.*

The court of criminal appeals held that Riles had forfeited her complaint. *Id.* at 337–38. The court explained that the record established her knowledge that the trial court had imposed an unspecified attorney's fee in the deferred-adjudication order and that she had an obligation at that time to challenge "the sufficiency of the evidence supporting payment of the fee." *Id.* at 337. The court explained that "any issue related to the original plea proceeding [could] be taken only in an appeal to the original order of deferred adjudication." *Id.* (citing *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999)). Further, the court held that because Riles had knowledge of her obligation to pay attorney's fees, her lack of knowledge of the exact amount was inconsequential. *Id.* In sum, the court held that Riles "had knowledge that

5

she was to be charged for her appointed attorney fee, . . . but she forfeited her claim by foregoing her initial appeal." *Id.* at 338.

The principles supporting the decision in *Riles* compel the same result here. Although Aguirre did not have knowledge of the particular amount of attorney's fees that the trial court would later assess against him, he knew in 2014, when the trial court signed its order deferring adjudication of his guilt, that the trial court was requiring him to pay attorney's fees. Indeed, at that time, he signed a document reciting the conditions of his community supervision, including that he pay attorney's fees in an amount to be determined. He did not appeal the trial court's deferred-adjudication order. We therefore hold that he forfeited his complaint that the trial court lacked authority to assess $300 in attorney's fees for representation leading to the deferred-adjudication order. *See* Tex. R. App. P. 33.1(a); *Riles*, 452 S.W.3d at 337–38; *Manuel*, 994 S.W.2d at 661–62; *see also Ford v. State*, No. 12-17-00307-CR, 2018 WL 1737085, at *2–3 (Tex. App.—Tyler Apr. 11, 2018, no pet.) (mem. op., not designated for publication) (citing *Riles* and holding similarly); *Moore v. State*, No. 06-14-00209-CR, 2015 WL 1448389, at *3–4 (Tex. App.—Texarkana Mar. 31, 2015, no pet.) (mem. op., not designated for publication) (same). We overrule his first point to that extent.[3]

---

[3]Aguirre also contends that the record reflects that he has already paid the $300 assessment and that the amount should be credited against the total amount of reparations owed. The State contests whether a notation in the clerk's record proves that Aguirre has paid the fees, and we are unable to determine such. We trust that if Aguirre has already paid the fees, the clerk of the court will not seek collection again.

6

The trial court required Aguirre to pay $685 in attorney's fees. With respect to the remaining $385, the State concedes that nothing within the record supports the imposition of those fees and asks us to strike them. We agree that nothing in the record supports the remaining $385 in fees. We therefore sustain Aguirre's first point to that extent. *See Steen v. State*, Nos. 02-18-00036-CR, 02-18-00220-CR, 2018 WL 4782164, at *2 (Tex. App.—Fort Worth Oct. 4, 2018, no pet.) (mem. op., not designated for publication) (reciting the State's concession that costs were unlawful and deleting the costs).

**Other Costs**

In his second point, Aguirre argues that the trial court erred by ordering him to pay, as part of the $1,825 reparations, $28 "Due to CSCD" and $1,112 in unpaid probation fees.

We have repeatedly held that a cost that is labeled "Due to CSCD," without any further explanation, must be deleted because we cannot discern authority for the cost. *See, e.g.*, *Gatewood v. State*, No. 02-18-00021-CR, 2018 WL 4625780, at *2 (Tex. App.—Fort Worth Sept. 27, 2018, no pet.) (mem. op., not designated for publication); *Demerson v. State*, No. 02-18-00003-CR, 2018 WL 3580893, at *3 (Tex. App.—Fort Worth July 26, 2018, no pet.) (mem. op., not designated for publication). We reach the same holding here and sustain Aguirre's second point to the extent that we will delete the $28 "Due to CSCD" cost.

Concerning the $1,112 cost as reparations for unpaid probation fees, Aguirre argues that unpaid probation fees cannot be assessed as reparations. He concedes, however, that we have held to the contrary. Indeed, we have consistently rejected the precise argument that Aguirre makes here.[4] *See, e.g.*, *Riojas v. State*, No. 02-18-00026-CR, 2018 WL 3580897, at *1 (Tex. App.—Fort Worth July 26, 2018, no pet.) (mem. op., not designated for publication) (collecting cases). In accordance with our prior decisions, we overrule Aguirre's second point to the extent that he complains about the $1,112 as reparations for unpaid probation fees.

## Conclusion

Having sustained parts of Aguirre's two points and having overruled other parts, we modify the trial court's judgment by deleting $385 of the attorney's fees ordered by the trial court and the $28 "Due to CSCD" cost, thus reducing the total amount of reparations owed to $1,412. We affirm the trial court's judgment as modified. *See* Tex. R. App. P. 43.2(b).

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 31, 2018

---

[4]We note that Aguirre does not contest that he owed probation fees and that the fees were unpaid.