**AFFIRMED and Opinion Filed May 6, 2020**



**In The**

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00434-CR

**ARTURO ARREOLA GAMIZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 2**
**Dallas County, Texas**
**Trial Court Cause No. MA1418190-M**

## MEMORANDUM OPINION
Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Reichek

Arturo Arreola Gamiz appeals his conviction for driving while intoxicated. Bringing two issues, appellant contends the trial court abused its discretion in admitting blood draw evidence and in not allowing defense counsel to question a witness about an incident at the testing facility. We affirm the trial court's judgment.

Appellant was indicted for the offense of driving while intoxicated with a blood alcohol concentration of .15 or more. Appellant pleaded not guilty and was tried before a jury. After hearing the evidence, the jury found appellant guilty as charged, and answered the special issue of whether his blood alcohol concentration

was .15 or more at the time it was analyzed in the affirmative. Pursuant to an agreement, the trial court sentenced appellant to 150 days of house arrest. Appellant brought this appeal.

## I. Authentication of Evidence

In his first issue, appellant contends the trial court abused its discretion in allowing the admission of evidence from his blood draw. Appellant contends the evidence was not sufficiently authenticated by a proponent who could establish the chain of custody. We review a trial court's ruling on an authentication issue under an abuse of discretion standard. *Fowler v. State*, 544 S.W.3d 844, 848 (Tex. Crim. App. 2018). A trial court judge is given considerable latitude with regard to evidentiary rulings. *Id*. The court need only make the preliminary determination that the proponent of the item has supplied facts sufficient to support a reasonable jury determination that the proffered evidence is authentic. *Id*. at 849. This has been described as a "liberal standard of admissibility." *Id*.

Within the test for authentication is whether the chain of custody has been preserved. *Mitchell v. State*, 419 S.W.3d 655, 659 (Tex. App.—San Antonio 2013, pet. ref'd). A chain of custody is sufficiently authenticated when the State establishes the beginning and the end of the chain of custody, particularly when the chain ends at a laboratory. *Id*. Absent evidence of fraud or tampering, alleged issues concerning gaps in the chain affect the weight to be given the evidence and not its admissibility. *Id*. at 660.

In this case, Deputy Scott Selby testified he drove appellant to the hospital to have his blood drawn and remained in the room with appellant at the hospital the entire time. Selby stated he watched as the nurse drew the blood and he made sure she used the specific "gray top tubes" required for the blood to be analyzed for evidentiary purposes by the Southwestern Institute of Forensic Sciences ("SWIFS"). Selby saw the nurse remove printed labels from appellant's chart and place them on the collection tubes. After announcing out loud the time of the blood draw, the nurse wrote the time and date on the labels affixed to the tubes. Selby watched as the nurse "rotated" the tubes to mix in the preservative and anticoagulant and then placed the tubes in a plastic bag. According to Selby, all standard practices and procedures were followed. Selby then drove appellant and the blood samples to the Dallas County jail. After booking appellant in, Selby placed the samples in a secure evidence locker. Selby testified that a Dallas police officer in charge of DWI evidence removed the blood samples from the locker and transported them to SWIFS for testing. After being shown two pictures of gray-topped tubes with printed labels containing appellant's information and a written date and time of the blood draw, Selby testified the pictures accurately depicted the tubes as he recalled seeing them that night.

Appellant contends he "properly objected to the admission of photos of the blood evidence" because "Selby stated he did not know who took the pictures nor when the pictures were taken and instead testified as to the identification written on

the tubes of blood." For the photographs to be admissible, all that is required is proof of their accuracy as a correct representation of the subject at a given time. *Darden v. State*, 629 S.W.2d 46, 48–49 (Tex. Crim. App. 1982). It was not necessary that Selby be the photographer or that he have any knowledge concerning the way the photographs were made. *Id*. at 49. Selby stated the photographs accurately showed how the evidence tubes appeared on the night he personally witnessed Appellant's blood being drawn. This testimony was sufficient to support admission of the photographs. *Id*.

Appellant also contends the State relied on a "surrogate witness" to testify regarding the blood draw in violation of his right to confrontation under the United States Constitution. Appellant failed to raise any constitutional objections to Selby's testimony at trial. For a party to preserve a complaint for appellate review, the complaining party must make a specific objection and obtain a ruling on the objection. *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014). The complaint must be made at the earliest possible opportunity and the point of error on appeal must comport with the objection made at trial. *Id*. Failure to object at trial may waive even constitutional error. *Id*. Because appellant did not raise his confrontation clause challenge at trial, he failed to preserve the issue for review on appeal.

Selby's testimony regarding the events he personally witnessed during appellant's blood draw and the method by which the blood was transferred to the

—4—

testing lab was sufficient to authenticate the evidence. *See Mitchell*, 419 S.W.3d at 660. The trial court did not abuse its discretion in admitting evidence from the blood draw at trial. We resolve appellant's first issue against him.

## II. Impeachment Evidence

In his second issue, appellant contends the trial court erred in not allowing him to cross-examine the SWIFS analyst who testified as a witness for the State regarding "problems within SWIFS." Prior to trial, the State disclosed information to the defense about an incident that occurred four years after appellant's blood was tested. In violation of SWIFS policy, a registrar at the facility re-labeled three blood vials to clarify which vials belonged to which defendants. The blood in those vials was never analyzed.

At a hearing on its motion in limine, the State asked that defense counsel be prohibited from raising the issue of the registrar's actions at trial because the incident occurred four years after appellant's blood was tested and there was no indication of any issues with the receipt of appellant's blood in this case. The State contended any relevance the evidence might have was substantially outweighed by the danger of undue prejudice. After noting that the register who violated the SWIFS policy was not a witness in this case, the trial court granted the State's motion to exclude the evidence.

As discussed above, we review a trial court's decision regarding the admission or exclusion of evidence under an abuse of discretion standard. *See Johnson v. State*,

490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A trial judge abuses his discretion if his decision falls outside the zone of reasonable disagreement. *Id*. If the ruling is correct under any theory of law, even if the theory was not relied upon by the trial court, it will not be disturbed. *Id*.

Appellant argues the evidence regarding the re-labeling incident was admissible because it "called into question the credibility of SWIFS." The only witness from SWIFS to testify in this case was the forensic analyst, Terry Robinson. There is nothing in the record to indicate Robison had anything to do with the labeling incident that occurred four years after he analyzed appellant's blood. As a general rule, a party is not entitled to impeach a witness on a collateral matter. *Ramirez v. State*, 802 S.W.2d 674, 675 (Tex. Crim. App. 1990). A matter is collateral if the cross-examining party would not be entitled to prove it as a part of his case tending to establish his plea. *Id*. There no evidence to suggest there were any issues with the labeling of appellant's blood vials in this case or that the proffered evidence had any bearing on the conduct of SWIFS personnel at the time appellant's blood was tested.

In addition, appellant makes no argument that the evidence was not properly excluded as being more prejudicial than probative. In determining whether it would have been proper to exclude the evidence under Rule 403 of the Texas Rules of Evidence, we balance the claimed probative force of the proffered evidence along with appellant's asserted need for that evidence against (1) any tendency of the

evidence to suggest that the case would be decided on an improper basis; (2) any tendency of the evidence to confuse or distract the jury from the main issues; (3) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence; and (4) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Henley v. State*, 493 S.W.3d 77, 93 (Tex. Crim. App. 2016). The first three factors all weigh against admitting the evidence. Events occurring at the lab four years after appellant's blood was tested have little if any probative value with respect to appellant's case. The admission of such evidence would only serve to confuse the jury and distract them from the main issues presented. Such evidence might also suggest a decision based on general feelings about the conduct of the lab rather than the specific facts of this case. We conclude appellant has failed to show the trial court abused its discretion in refusing to admit the evidence. We resolve this issue against appellant.

Based on the foregoing, we affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190434F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ARTURO ARREOLA GAMIZ,
Appellant

No. 05-19-00434-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal
Court of Appeals No. 2, Dallas
County, Texas
Trial Court Cause No. MA1418190-
M.
Opinion delivered by Justice
Reichek. Justices Schenck and
Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered May 6, 2020