

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-14-00324-CR

The **STATE** of Texas,
Appellant

v.

John D. **DELOACH**,
Appellee

From the County Court at Law No. 12, Bexar County, Texas
Trial Court No. 130556
Honorable Scott Roberts, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:          Sandee Bryan Marion, Justice
                 Marialyn Barnard, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  November 19, 2014

REVERSED AND RENDERED

In 2002, the City of San Antonio adopted a municipal ordinance that set the maximum fee a towing company could charge for the non-consent tow of an automobile at $85. SAN ANTONIO, TEX., CODE OF ORDINANCES § 19-427 (2012).[1] A violation of the ordinance was punishable by a fine of not less than $200 nor more than $500. *Id*. § 19-413. In 2003, the Legislature enacted House Bill 849, currently incorporated in the Texas Towing and Boot Act ("the Act"), which

---

[1] The non-consent towing fee has since been amended to $177 for vehicles 10,000 pounds or less. SAN ANTONIO, TEX., CODE OF ORDINANCES § 19-402 (2013).

regulates towing companies and the fees they may charge for non-consent tows. *See* Acts 2003, 78th Leg., ch. 1034, § 10, eff. Sept. 1, 2003 (currently codified in TEX. OCC. CODE ANN. §§ 2308.202, .203 (West 2012)).

On August 31, 2012, the State[2] filed a complaint against John DeLoach for charging a non-consent tow fee of $250, in excess of the $85 fee authorized by the ordinance. DeLoach was convicted in municipal court, and appealed to the county court at law asserting (1) the ordinance is preempted by sections 2308.202 and 2308.203 of the Act, and (2) he established the affirmative defense of mistake of law. The county court reversed the municipal court and rendered judgment in favor of DeLoach, finding that the ordinance was preempted and unenforceable. The county court rejected DeLoach's mistake of law defense.

The City now appeals to this court. The record and the briefs from the county court have been filed and constitute the record and briefs in this appeal. *See* TEX. GOV'T CODE ANN. § 30.00027(b) (West Supp. 2014). Thus, we review the same issues raised in the briefs submitted to the county court. *See id.*

## PREEMPTION

In his brief before the county court, DeLoach asserted the ordinance conflicts with the Act. According to DeLoach, the Act requires a towing fee study be performed before a city may regulate the maximum fee a towing company may charge for a non-consent tow. Because the City failed to conduct a towing fee study, DeLoach contends the ordinance is void and unenforceable. In its responsive brief before the county court, the City raised a variety of arguments, including that the Act does not contain a "death-penalty" clause for not conducting a towing fee study. Because we

---

[2] The complaint was filed by the State of Texas. However, attorneys for the City of San Antonio prosecuted the case against DeLoach, and the City of San Antonio filed the notice of appeal with this court. Therefore, although the style of this appeal mirrors the trial court's style and shows the State of Texas as appellant, we will refer to appellant hereinafter as the City.

conclude the Act does not preempt the ordinance, we do not address all of the City's arguments. *See* TEX. R. APP. P. 47.1.

## 1. Applicable Law and Standard of Review

The City of San Antonio is a home-rule city that derives its powers from the Texas Constitution. *See* TEX. CONST. art. XI, § 5; *City of Hous. v. Bates*, 406 S.W.3d 539, 546 (Tex. 2013); *RCI Entm't, Inc. v. City of San Antonio*, 373 S.W.3d 589, 595 (Tex. App.—San Antonio 2012, no pet.). A home-rule city has the full power of self-government and looks to the Legislature not for grants of authority, but only for limitations on its powers. *RCI Entm't*, 373 S.W.3d at 595. A home-rule city ordinance is presumed to be valid. *State v. Chacon*, 273 S.W.3d 375, 378 (Tex. App.—San Antonio 2008, no pet.). The Legislature may limit a home-rule city's broad powers only when it expresses its intent to do so with "unmistakable clarity." *Bates*, 406 S.W.3d at 546. "[T]he mere fact that the [L]egislature has enacted a law addressing a subject does not mean that the subject matter is completely preempted." *City of Richardson v. Responsible Dog Owners of Tex.*, 794 S.W.2d 17, 19 (Tex. 1990). A home-rule city ordinance that conflicts with a state statute is unenforceable to the extent of such conflict. *Dall. Merchant's & Concessionaire's Ass'n v. City of Dall.*, 852 S.W.2d 489, 491 (Tex. 1993). If a reasonable construction giving effect to both the state statute and the ordinance can be reached, the ordinance will not be held to have been preempted by the statute. *Bates*, 406 S.W.3d at 546; *Dall. Merchant's*, 852 S.W.2d at 491.

Statutory construction is a question of law we review de novo. *Yazdchi v. State*, 428 S.W.3d 831, 837 (Tex. 2014) (internal citations and quotations omitted). In construing a statute, we must seek to effectuate the collective intent or purpose of the legislators who enacted the legislation. *Id*. In interpreting statutes, we presume the Legislature intended for the entire statutory scheme to be effective. *Id*. We look first to the statute's literal text, and we read words and phrases in context and construe them according to the rules of grammar and usage. *Id*.

## 2. Analysis

We must first determine whether the ordinance and the Act are attempting to regulate the same activity. *RCI Entm't*, 373 S.W.3d at 596. We begin by examining the statutory text. *Bates*, 406 S.W.3d at 546.

Section 2308.202 provides:

The governing body of a political subdivision may regulate the fees that may be charged or collected in connection with a non-consent tow originating in the territory of the political subdivision if the private property tow fees:

(1) are authorized by commission rule; and

(2) do not exceed the maximum amount authorized by commission rule.

TEX. OCC. CODE § 2308.202.

Section 2308.203 provides:

(a) The governing body of a political subdivision that regulates non-consent tow fees shall establish procedures by which a towing company may request that a towing fee study shall be performed.

(b) The governing body of the political subdivision shall establish or amend the allowable fees for non-consent tows at amounts that represent the fair value of the services of a towing company and are reasonably related to any financial or accounting information provided to the governing body.

*Id.* § 2308.203.

The sections of the Act at issue regulate the allowable fee a towing company may charge for the non-consent tow of an automobile. Similarly, the ordinance also regulates the allowable fee a towing company may charge for the non-consent tow of an automobile. The plain language of the Act and the ordinance establish that they are both attempting to regulate the same activity. Therefore, we next decide whether the ordinance is inconsistent with or conflicts with the Act. *RCI Entm't*, 373 S.W.3d at 596.

DeLoach asserts the ordinance conflicts with the Act because section 2308.203 requires a towing fee study be performed if a city chooses to regulate non-consent tow fees. He contends the language of the Act demonstrates the legislative intent "to require a fair value for all non-consent tows [be] based on a tow fee study," and the city has "ignored . . . disregarded . . . and failed to comply with th[is] mandatory requirement." Therefore, he argues that because the City has "failed to comply with mandatory requirements, the ordinance is unenforceable."

The Corpus Christi Court of Appeals considered a similar argument in *Rountree v. State*, No. 13-12-00063-CR, 2012 WL 3612497 (Tex. App.—Corpus Christi Aug. 23, 2012, no pet.) (mem. op., not designated for publication).[3] There, Rountree was convicted of violating the City of Beaumont's ordinance that set the maximum fee for a non-consent tow at $85. *Id*. at *1. Rountree argued he was entitled to acquittal because Beaumont had not established procedures by which a towing company could request a towing fee study be performed and argued that Beaumont "was not in compliance with section 2308.203 of the occupations code." *Id*. The State acknowledged Beaumont did not establish the required procedure set forth in section 2308.203 at the time the ordinance was enforced against Rountree; however, the State asserted that Beaumont's non-compliance with the statute "did not make the ordinance invalid, nor did it preclude the enforcement of the ordinance." *Id*. at *2. The court of appeals agreed with the State, noting that "nothing in the language of sections 2308.202 or 2308.203(a) bars a municipality's authority to regulate non-consent towing fees due to a municipality's non-compliance with setting up a procedure for a towing company to request a fee study." *Id*. The court concluded that its interpretation did not lead to an absurd result because it appeared that the Legislature intended

---

[3] *Rountree* was decided by the Corpus Christi Court of Appeals pursuant to a Supreme Court of Texas transfer order from the Beaumont Court of Appeals.

section 2308.202 and section 2308.203 to be "independent, rather than dependent, from one another." *Id*.

We agree with the reasoning in *Rountree*. Nowhere in the Act did the Legislature include a provision that contains an explicit expression of the Legislature's intent that the Act exclusively govern the regulation of non-consent tow fees. *Cf. RCI Entm't*, 373 S.W.3d at 596 n.3 (quoting *Dall. Merchant's*, 852 S.W.2d at 491) ("The Legislature's intent is clearly expressed in section 109.57(b) of the TABC—the regulation of alcoholic beverages is exclusively governed by the provisions of the TABC unless otherwise provided . . . . Section 109.57 clearly preempts an ordinance of a home-rule city that regulates where alcoholic beverages are sold under most circumstances."). To the contrary, the Act expressly allows a city to "regulate the fees that may be charged or collected in connection with a non-consent tow," provided the fees "are authorized by commission rule" and "do not exceed the maximum amount authorized by commission rule." TEX. OCC. CODE § 2308.202.[4] Accordingly, we conclude the ordinance does not conflict with the Act, and is therefore, not preempted.

### MISTAKE OF LAW

DeLoach also asserts he established the affirmative defense of mistake of law because he reasonably relied on an opinion from the Attorney General.

### 1. Standard of Review

The parties' briefs before the county court are the same briefs we must consider on appeal. *See* TEX. GOV'T CODE § 30.00027(b). In those briefs, neither the City nor DeLoach cite to an appropriate standard of review. However, in DeLoach's prayer for relief, he requested only that

---

[4] The Texas Commission of Licensing and Regulation has authorized the maximum fee of $250 for a non-consent tow. *See* TEX. ADMIN. CODE, tit. 16, §§ 86.455, .458.

the county court reverse the municipal court's judgment and render a judgment of not guilty. Therefore, we review the evidence only under a legal sufficiency standard. *See Maynard v. Booth*, 421 S.W.3d 182, 183 (Tex. App.—San Antonio 2013, pet. denied).

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). However, the *Jackson* and *Brooks* standard of review "does not apply to elements of an affirmative defense that the defendant must prove by a preponderance of the evidence." *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013).

> When an appellant asserts that there is no evidence to support an adverse finding on which []he had the burden of proof, we construe the issue as an assertion that the contrary was established as a matter of law. We first search the record for evidence favorable to the finding, disregarding all contrary evidence *unless a reasonable factfinder could not.* If we find no evidence supporting the finding, we then determine whether the contrary was established as a matter of law.

*Id*. at 669 (emphasis in original). A defendant is entitled to an acquittal on appeal despite the trial court's adverse finding on his affirmative defense "only if the evidence conclusively establishes his affirmative defense." *Id*. at 670.

## 2. Analysis

"It is an affirmative defense to prosecution that the actor reasonably believed the conduct charged did not constitute a crime and that he acted in reasonable reliance upon a written interpretation of the law . . . made by a public official charged by law with responsibility for interpreting the law in question." TEX. PENAL CODE ANN. § 8.03(b)(2) (West 2011). A defendant bears the burden of production of evidence and persuasion to prove an affirmative defense by a

preponderance of the evidence. *Id*. § 2.04(d); *Roberts v. State*, 319 S.W.3d 37, 51 (Tex. App.—San Antonio 2010, pet. ref'd).

DeLoach testified he was aware of the ordinance regulating non-consent tow fees. However, he contends the evidence at trial was sufficient to prove his affirmative defense of mistake of law because he reasonably relied on an Attorney General's opinion. *See* Tex. Att'y Gen. Op. No. GA-0315 (2005). DeLoach argues the Attorney General's opinion stands for the proposition that the ordinance is preempted by the Act. In support of this argument, he cites to the Attorney General's reference to the general rule that city ordinances must comply with state law. *See* TEX. CONST. art. XI, § 5(a).

The Attorney General's opinion that DeLoach contends he relied on was issued in response to an inquiry regarding an ordinance established by the City of Victoria pertaining to police-initiated non-consent tows. Tex. Att'y Gen. Op. No. GA-0315, at *1. Victoria's ordinance stated:

> (a) All tow truck permit holders operating permitted tow trucks on the public streets shall charge no more than the storage rates prescribed by the Texas Department of Transportation for performing non-consent tows. A charge for any storage service exceeding the rates prescribed or in addition to the storage related services prescribed shall constitute a violation of this article.

> (b) The city manager may establish further rate limits in the city's contracts with rotation list privilege holders. These rate limits shall not be considered rate regulations, but shall instead be considered contractual obligations pursuant to the city's provision of referrals to contractees. Failure to comply with any such contractual rate limits shall not be punishable as a violation of this ordinance, but shall instead merely give the city the right to declare a breach of contract and potentially terminate said contract.

*Id*. at *1–*2.

The issue addressed by the Attorney General was "whether a municipality that limits fees for police-initiated non-consent tows must comply with [section 2308.203]."[5] *Id*. The inquiry

---

[5] At the time the Attorney General's opinion was issued, section 2308.203 was codified under Texas Transportation Code section 643.204. The language is identical in both versions.

stated that the Texas Towing and Storage Association considered Victoria's ordinance to be a regulation of non-consent tow fees and complained that Victoria had not established the procedures by which a towing company could request a towing fee study be performed. *Id*. at \*2. The inquiry specifically asked "whether a city can bypass the clear intent of [section 2308.203] by refusing to set procedures even though it has set fees for non-consent tows." *Id*. Relying on *Cardinal Towing*, the Attorney General concluded Victoria's ordinance did not appear to regulate non-consent tow fees, but was instead designed to create efficiencies for Victoria and controlled only a portion of the non-consent tow market. *Id*. at \*5; *see also Cardinal Towing & Auto Repair, Inc. v. City of Bedford, Tex.*, 180 F.3d 686, 694–95 (5th Cir. 1999) (concluding ordinance was not a regulation because city merely created efficiencies for police-initiated non-consent tow market). Therefore, the Attorney General concluded that Victoria was not impermissibly ignoring the towing fee study requirement. *Id*.

The Attorney General's opinion states only that it does not consider Victoria's ordinance a regulation of non-consent tow fees. It does not stand for the proposition that the ordinance is preempted by the Act. Accordingly, we conclude DeLoach did not conclusively establish his affirmative defense under the legal sufficiency standard set forth in *Matlock*, and is not entitled to an acquittal on appeal.

### CONCLUSION

We conclude the ordinance is not preempted, and we agree with the county court that DeLoach did not conclusively establish the affirmative defense of mistake of law. Therefore, we reverse the county court's judgment and render judgment reinstating the municipal court's judgment.

Sandee Bryan Marion, Justice

Publish