

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-87,297-01 & WR-87,297-02

## EX PARTE ALI YAZDCHI, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 1161934-A & 1161935-A IN THE 184TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggregate theft and falsely holding himself out as an attorney and was sentenced to ten years' imprisonment on each cause. The First Court of Appeals affirmed his convictions. *Yazdchi v. State*, Nos. 01-10-01090-CR & 01-10-01091-CR (Tex. App.—Houston [1st Dist.] Nov. 1, 2012) (not designated for publication). We affirmed the court of appeals's judgments. *Yazdchi v. State*, 428 S.W.3d 831 (Tex. Crim. App. 2014).

Applicant contends, among other things, that trial counsel failed to call a representative of

Capital One Bank to testify and to present caselaw to the trial judge showing that the State could not impeach Applicant at the guilt stage with his prior felony conviction after the term of his probation had expired.

In a December 2010 sworn affidavit, counsel said she asked the trial judge to state on the record that the prosecutor was not to use Applicant's prior terminated probation for impeachment purposes. The trial judge, counsel continued, said that the prosecutor could use the terminated probation to impeach Applicant. In the present proceedings, the trial court found counsel's affidavit credible and concluded that counsel was not deficient and Applicant was not prejudiced. On petition for discretionary review, we found, however, that counsel never requested any ruling from the trial judge on whether his prior probation could be used to impeach his testimony if he decided to testify at trial. *Yazdchi*, 428 S.W.3d at 836.

In subsequent sworn affidavits, counsel also said she did not remember deciding whether to subpoena a representative of Capital One Bank to testify about its policy requiring both parties to be present when depositing a two-party check. She explained, "I did not know that is their policy." The trial court also found these affidavits credible and concluded that counsel was not deficient and Applicant was not prejudiced.

We believe that the trial court should make further findings of fact and conclusions of law.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may order trial counsel to respond again to Applicant's claims. The trial court may use any means

set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings and conclusions as to (1) whether counsel was deficient for failing to call a representative of Capital One Bank to testify; (2) whether counsel was deficient for failing to present caselaw to the trial judge showing that the State could not impeach Applicant at the guilt stage with his prior felony conviction after the term of his probation had expired, *see* TEX. R. EVID. 609(c)(2); (3) the basis for the trial court's conclusion that Applicant's terminated probation was admissible under Rule of Evidence 404(b); and (4) whether Applicant was prejudiced by the totality of counsel's alleged deficient conduct. The trial court shall also make any other findings and conclusions that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: August 22, 2018
Do not publish