AFFIRMED and Opinion Filed May 3, 2019



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00314-CR

**TRACY DEMOND SIMS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F-1576138-Y**

## MEMORANDUM OPINION

Before Justices Whitehill, Molberg, and Reichek
Opinion by Justice Whitehill

Appellant was indicted and tried for continuous sexual abuse of a child, but a jury found him guilty of the lesser-included offense of aggravated sexual assault of a child. The court assessed punishment at thirty years in prison.

Appellant argues that the evidence was insufficient to support his conviction and the trial court erred by allowing the state's expert to opine on the child's truthfulness. As discussed below, we affirm the trial court's judgment.

### I. Background

DM testified that appellant, her uncle, sexually abused her multiple times over many years beginning when she was twelve years old and in the fifth grade. In 2014, DM told her brother

about the abuse, who in turn told her father. Her father reported the alleged abuse to the police. DM was nineteen years old when the case was tried to a jury.

DM testified about the abuse. And Leslie Boutte, the Assistant Clinical Director for the Dallas Children's Advocacy Center (DCAC) testified as a State's expert. Boutte reviewed DM's DCAC therapy services records and testified about the characteristics and symptoms of children who have been sexually abused. According to Boutte, the clinical diagnosis from DM's initial DCAC assessment reflected "child sexual abuse and child physical abuse."

DM's mother, Kimberly Sims, testified for the defense. Sims characterized DM as a defiant teenager who had problems with Sim's discipline, described altercations with DM, and claimed that her ex-husband was forcing DM to lie. She also said that DM lied in a letter written to a judge on another matter.

The jury was charged on continuous sexual abuse, aggravated sexual assault by contact with DM's mouth and appellant's sexual organ, and indecency with a child. Initially, the jury found appellant guilty of two of the lesser-included offenses—aggravated sexual assault and indecency with a child.

After speaking with counsel, the judge instructed the jury that the multiple verdicts did not comport with the court's charge and sent them back for further deliberations. The jury then found appellant guilty of aggravated sexual assault of a child by contact with DM's mouth. The court entered judgment accordingly and sentenced appellant to thirty years in prison. This appeal followed.

## II.  Analysis

**A.  First Issue:  Do complainant's credibility issues render the evidence insufficient to support the conviction?**

Appellant's first issue argues the evidence was insufficient because DM was not credible. Specifically, he argues that the verdict must have been based on speculation because the jury rejected the continuous sexual abuse charge as well as two of the alleged predicate offenses.

We review the sufficiency of the evidence to support a conviction by viewing all of the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  This standard gives full play to the fact finder's responsibility to resolve testimonial conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id*. at 319; *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). And the fact finder is the sole judge of the evidence's weight and credibility. *See* TEX. CODE CRIM. PROC. art. 38.04; *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder's. *See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).  Instead, we determine whether the necessary inferences are reasonable based upon the evidence's cumulative force viewed in the light most favorable to the verdict. *Murray*, 457 S.W.3d at 448.  We must presume that the factfinder resolved any conflicting inferences in the verdict's favor and defer to that resolution. *Id.* at 448–49.

To convict appellant of aggravated sexual assault in this particular case, the State had to prove that appellant intentionally or knowingly caused the mouth of DM, a child under the age of fourteen, to contact appellant's sexual organ.  TEX. PENAL CODE § 22.021(a)(1)(B)(v).  A conviction for aggravated sexual assault of a child is supportable on the uncorroborated testimony

of the child victim.  TEX. CODE CRIM. PROC. art. 38.07(a), (b)(1); *see also Jones v State*, 428 S.W.3d 163, 169 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

DM testified about multiple acts of sexual abuse by appellant beginning when she was twelve years old and in elementary school when appellant lived with them at the Rosemont apartments.  On the first occasion, appellant took her into the laundry room of their home, touched her breasts over her clothes, took his penis out of his pants, and touched DM's mouth with his penis.  On another occasion, DM was asleep in the living room when appellant awakened her by fondling her breasts and vagina.  When asked if appellant touching her happened in one month or if it just kept happening, DM said, "It kept happening."

At some point appellant moved in with his girlfriend Pamela Lockett and DM spent time there because Lockett would braid her hair.  Appellant continued to abuse DM, and would "touch on" her when he had the chance.  On one occasion at Lockett's house, DM and appellant were alone in the living room and appellant touched her "down low area," her breasts, and her "vagina area."

The last instance of appellant touching DM inappropriately also occurred at Lockett's house.  DM was asleep, and awakened when appellant pulled down her pants.  He put his penis in her, then took it out and left. DM did not know how much time elapsed between the laundry room incident and this incident, but she was in "a different grade" [at school].

On cross-examination, DM said that appellant touched her "private area" over her clothes a "couple of times" and removed her clothes and "felt on" her a couple of times.  DM could not recall when this occurred.  DM never told anyone about the incidents until she told her brother.

Appellant argues that the jury could have found DM was not a credible witness because: (i) her father did not report the allegations for six months after she told him; (ii) her mother did not believe her; (iii) DM lied to the court on a previous unrelated matter; (iv) DM was angry with her

mother for disciplining her; and (v) DM did not have much of a relationship with her father until she wanted to move out of her mother's home. The issue however, is not whether there was conflicting evidence or different inferences that might be made. We presume that any such conflicts were resolved in the prosecution's favor and defer to that resolution. *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). Our task is to "determine whether the necessary inferences are reasonable based on the combined and cumulative force of all of the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).

Here, in addition to DM's trial testimony, the jury heard evidence concerning DM's clinical diagnosis, assessment, and symptoms. There was also testimony from her father and the CPS investigator. This evidence was consistent with DM's version of events.

That the jury was initially confused about the verdict form and concluded that appellant committed both aggravated sexual assault and indecency with a child does not render the evidence insufficient to support the aggravated sexual assault offense. Likewise, it does not establish that the jury did not believe DM.

On this record, viewing the evidence in a light most favorable to the verdict, we conclude that the evidence is sufficient to support appellant's conviction. We resolve appellant's first issue against him.

**B.    Second and Third Issues:  Did the trial court erroneously allow expert testimony that the complainant is truthful?**

Appellant's second and third issues argue that the trial court abused its discretion by overruling his objection to a hypothetical question posed to the State's expert, Boutte. Specifically, appellant argues that the question sought to elicit an impermissible credibility opinion and invaded the jury's province. The State responds that the issues were not preserved for our review because appellant's trial objection does not comport with the issues raised on appeal. *See Yazdchi v. State*,

428 S.W.3d 831, 844 (Tex. Crim. App. 2014). Giving appellant the benefit of the doubt on preservation of the alleged error, we conclude that the trial court did not abuse its discretion by allowing the testimony and the testimony did not invade the jury's province.

A trial court's evidentiary decision is reviewed for an abuse of discretion. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). The abuse of discretion test is not whether, in our opinion, the facts presented an appropriate case for the trial court's action; rather, it is a question of whether the trial court's decision was within the "zone of reasonable disagreement." *See Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018).

Generally, an expert witness may testify if her scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue. TEX. R. EVID. 702. The expert's testimony must aid the trier of fact and not supplant its determination. *Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997). However, expert testimony that provides useful background information to aid the jury in evaluating the testimony of another witness is admissible. *Pavlacka v. State*, 892 S.W.2d 897, 902 n.6 (Tex. Crim. App. 1994) (providing that expert testimony may aid a factfinder by providing information that sexually abused children sometimes offer conflicting accounts).

Expert testimony that a child exhibits behavioral characteristics empirically shown to be common among children who have been sexually abused is relevant and admissible as substantive evidence under rule 702. *See* TEX. R. EVID. 702.4; *see also Yount v. State*, 872 S.W.2d 706, 709 (Tex. Crim. App. 1993); *Cohn v. State*, 849 S.W.2d 817, 819–21 (Tex. Crim. App. 1993) (such testimony not objectionable as "bolstering"). An expert may also give an opinion on facts made known to him at trial via hypothetical questions, so long as the facts used in the hypotheticals are admitted into evidence or are related to the theory of the case. *Matson v. State*, 819 S.W.2d 839, 852–53 (Tex. Crim. App. 1991). But an expert witness may not testify directly that a particular

witness is truthful, or that a class of persons to which the witness belongs is truthful. *Yount*, 872 S.W.2d at 711.

Appellant characterizes the prosecutor's question as one that directly asked if DM's difficulty remembering events discredited DM. We disagree with appellant's characterization. Prior to the complained-of testimony, Boutte responded to hypothetical questions concerning (i) general characteristics shared by child sexual abuse victims, including feelings of guilt and confusion, (ii) the length of time it takes for a child to outcry when she knows the abuser, and (iii) vulnerability to further abuse by other abusers. After she explained the normalization of sexual behavior in some children, the following exchange occurred:

> **State**: So duck-tailing off of that, if I were to again tell you hypothetically a victim is having trouble recalling specific details about any assaults, do you feel that that discredits them, or is there an explanation for that?
>
> **Boutte**: No, it's - -
>
> **Appellant**: Judge, I would object that this is a conclusion of an issue before the Court. And she can - - I don't think she can testify as to any conclusion as evidence.
>
> **Court**: I am going to overrule that objection.
>
> **Boutte**: So children already have a difficult time when they're young making a timeline of events, and so they have a hard time pulling out specific times that things happened. So if you were to ask a young child when was the last time this happened or when was the last time you felt angry, they may have a hard time pulling or making a cohesive timeline. And when you add trauma along with that, then it makes memories be more fragmented. And so it's very had to make a cohesive story about a traumatic event, which is part of the reason that we do a trauma narrative in therapy, to try to help a child make sense of a story.
>
> So, unless an event sticks out more than another, they're going to have a hard time pulling out this happened on this day, and this happened on this day versus their brain lumping all of it together.

As reflected above, the question was posed as a hypothetical, and did not directly inquire about DM's truthfulness. Moreover, although Boutte answered "no" to the portion of the question about whether a child's inability to recall details "discredits them," her answer was curtailed by the objection. After the objection was resolved, Boutte did not elaborate on the "discredits" aspect

–7–

of the question, but instead provided a general explanation of why young children generally have difficulty with constructing a timeline of events. This testimony, (which responded to a hypothetical question based on facts that were admitted into evidence and concerned characteristics common among sexually abused children) was permissible. *See Gonzalez v. State*, 4 S.W.3d 406, 418 (Tex. App.—Waco 1999, no pet.), and is the type of specialized knowledge that is helpful to the jury. *See Vasquez v. State*, 975 S.W.2d 415, 417 (Tex. App.—Austin 1998, pet. ref'd). Because Boutte did not opine about DM's truthfulness or decide an ultimate fact for the jury, the trial court did not abuse its discretion by overruling appellant's objection. Appellant's second and third issues are resolved against him.

### III. CONCLUSION

Having resolved all of appellant's issues against him, we affirm the trial court's judgment.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
180314F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TRACY DEMOND SIMS, Appellant

No. 05-18-00314-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F-1576138-Y.
Opinion delivered by Justice Whitehill.
Justices Molberg and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered May 3, 2019