# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00339-CR

---

**Wesley Eugene Perkins, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY
### NO. C-1-CR-13-200882, THE HONORABLE JOHN LIPSCOMBE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Wesley Eugene Perkins, acting pro se, appeals the trial court's May 6, 2019 order revoking his community supervision and pronouncing a sentence of 45 days in jail. *See* Tex. Code Crim. Proc. art. 42A.755(a), (e); Tex. Penal Code § 12.22; *see also Shortt v. State*, 539 S.W.3d 321, 322 n.1 (Tex. Crim. App. 2018) (noting that terms "community supervision" and "probation" are used interchangeably). Perkins presents seven issues in this appeal, but because none require reversal, we will affirm the trial court's order.

## BACKGROUND

After a jury found Perkins guilty of driving while his license was suspended, the trial court assessed punishment, sentencing Perkins to 45 days in the Travis County Jail and a $2,000 fine but suspending imposition of that sentence and on April 17, 2017, ordering Perkins placed on community supervision for two years. *See* Tex. Code Crim. Proc. art. 42A.053(a); *see*

*also* Tex. Transp. Code § 521.457(a), (f). Among the conditions of his community supervision, Perkins was ordered to refrain from committing any further offenses and to obtain a valid driver's license within 30 days.

The State filed a motion to revoke Perkins's probation after he was again arrested for driving on a public roadway without a valid license. The trial court set an evidentiary hearing on the motion. When the hearing began, the trial court noted that it had appointed standby counsel for Perkins.

Evidence at the revocation hearing supported the State's allegations of Perkins's repeat offense.[1] The officer who arrested Perkins was patrolling the southwest Austin area, in Travis County, on the evening of January 23, 2019. Around the 5200 block of Manchaca Road, he saw a Toyota Sienna with a taillight out and saw it change lanes without signaling intent to do so. After pulling behind the car, the officer noticed that it displayed an invalid paper license plate—what Perkins refers to as "non-DMV approved taggage"—and no valid registration. He stopped the car, approached the driver's side door, and introduced himself to Perkins, who was the driver of the car and its only occupant. Perkins identified himself as "Wes Perkins" to the officer but was unable to produce a driver's license. The officer's check of the statewide license database showed that Perkins's driver's license was expired and suspended.

Footage from the officer's dashcam video was admitted into evidence and corroborated the officer's testimony. In the video, Perkins denied having a driver's license but said that he had one "over ten years ago." When the officer asked if the car had ever been

---

[1] We summarized some of this background in our recent opinion affirming Perkins's conviction for the enhanced offense of driving while license invalid, concerning the same January 23, 2019 traffic stop. *See Perkins v. State*, No. 03-20-00231-CR, 2022 Tex. App. LEXIS 1944, at *1-2 (Tex. App.—Austin Mar. 24, 2022, no pet. h.) (mem. op., not designated for publication).

2

registered, Perkins replied, "Not by me." Further, Perkins admitted that he did not have insurance on the car and told the officer, "It's actually not a vehicle." Afterward, the officer arrested Perkins for the offense of driving while license invalid. While seated in the patrol car, Perkins told the officer that he would be "sued down the road" and that Perkins would "be filing in federal court as well."

On cross-examination during the revocation hearing, Perkins testified that on the date in question, he was behind the wheel of the car, placed his keys in the ignition, turned the ignition on, put the car in drive, and stepped on the gas; that the car moved forward and was in motion on Manchaca Road, which is a public road; and that he did not have a license or valid insurance. Perkins said he was aware that his community-supervision conditions included refraining from operating a car without a license or insurance. Even so, Perkins denied having any plans to get a valid Texas driver's license.

During the presentation of his case, Perkins called a witness to testify as an expert on "transportation matters" and jurisdictional issues involving the applicability of the Texas Transportation Code. The State took the witness on voir dire. After that examination, the trial court sustained the State's objection to allowing the witness to testify as an expert.

After closing arguments at the conclusion of the hearing, the trial court stated, "Mr. Perkins, you have . . . pled untrue to the allegations that have been presented. I'm going to find that they are true. They've been proven by the evidence and by your very own presence and what you said on the videotape." The trial court revoked Perkins's community supervision and sentenced him to 45 days in jail. The trial court subsequently signed an order reflecting its oral rulings. This appeal followed.

**DISCUSSION**

We have previously addressed and rejected some of the same issues that Perkins presents here, including his renewed complaints that the entirety of the Transportation Code is unconstitutional as applied to him, and that the State allegedly withheld exculpatory evidence and violated discovery duties by not returning to Perkins the "non-DMV approved taggage" that he displayed on the Toyota Sienna on January 23, 2019, in lieu of lawful license plates. *See Perkins v. State*, No. 03-20-00231-CR, 2022 Tex. App. LEXIS 1944, at *14-15, *16 (Tex. App.—Austin Mar. 24, 2022, no pet. h.) (mem. op., not designated for publication). We remain unpersuaded by his arguments on those issues in this appeal. Accordingly, we overrule Perkins's sixth and fourth issues.

**Perkins's violation of his community supervision**

Perkins appeals the trial court's order revoking his community supervision. Article 42A.755(e) of the Texas Code of Criminal Procedure allows such appeals, providing, in relevant part, that "[w]hen the defendant is notified that the defendant's community supervision is revoked for a violation of the conditions of community supervision and the defendant is called on to serve a sentence in a jail or in the Texas Department of Criminal Justice, the defendant may appeal the revocation."[2] We review an order revoking community supervision under an abuse-of-discretion standard. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *see also Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) ("For probation-revocation cases, we have described the appellate standard of review as whether the trial court abused its

---

[2] Perkins's first issue asks only whether he has the right to appeal the trial court's revocation order. The parties do not dispute that the revocation order is appealable "under the applicable statute." *See* Tex. Code Crim. Proc. art. 42A.755(e). Thus, Perkins's first issue presents no challenge to the revocation order that we must sustain or overrule.

discretion."). "A trial court abuses its discretion if the decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree." *Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.).

In a hearing on a motion to revoke community supervision, the State has the burden of proving a violation of the terms of community supervision by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763-64. That burden is met when the greater weight of the credible evidence before the court creates a reasonable belief that a condition of probation has been violated as alleged. *Id.* at 764. We consider the evidence presented during a revocation hearing in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). The trial court is the judge of the credibility of the witnesses and the weight to be given their testimony. *Id.* When there is sufficient evidence to support a finding that the defendant violated a condition of his community supervision, the trial court does not abuse its discretion by revoking community supervision. *Wade v. State*, 83 S.W.3d 835, 839-40 (Tex. App.—Texarkana 2002, no pet.).

Here, relying on his misinterpretation of the applicable law, Perkins contends that the trial court's order revoking his community supervision was not supported by sufficient evidence. According to Perkins, the State presented no proof of "transportation," "consent," "vehicle," "motor vehicle," "driving," or "operating" because the word "transportation" refers exclusively to "commercial" activity. But this Court and others have consistently rejected Perkins's arguments that the Texas Transportation Code statutes—including the laws requiring a driver's license, registration, financial responsibility or liability insurance, and license plates—apply only to "commercial" activity and only by "consent." *See, e.g.*, *Perkins v. Ivey*, 772 F. App'x 245, 246-47 (5th Cir. 2019); *Perkins*, 2022 Tex. App. LEXIS 1944, at *6-8;

5

*Perkins v. State*, No. 03-19-00356-CR, 2021 Tex. App. LEXIS 4218, at *16-18 (Tex. App.—Austin May 28, 2021, no pet.) (mem. op., not designated for publication); *Perkins v. State*, Nos. 03-14-00305-CR–03-14-00310-CR, 2015 Tex. App. LEXIS 6426, at *6-8 (Tex. App.—Austin June 25, 2015, pet. denied) (mem. op., not designated for publication), *cert. denied*, 577 U.S. 1065 (2016); *Perkins v. State*, No. 03-14-00733-CR, 2016 Tex. App. LEXIS 1730, at *2-7 (Tex. App.—Austin Feb. 19, 2016, pet. denied) (mem. op., not designated for publication). We reject those arguments again.

When, as here, a defendant is granted community supervision (referred to interchangeably as "probation"), the trial court creates a sort of contractual relationship. *Gutierrez-Rodriguez v. State*, 444 S.W.3d 21, 23 (Tex. Crim. App. 2014). The trial court "agrees with the convict that clemency by way of probation will be extended if he will keep and perform certain requirements and conditions, the violation of which will authorize the revocation of the probation." *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). The terms of Perkins's October 6, 2016 community-supervision agreement with the trial court required him to obtain a valid driver's license and insurance within 30 days, not to drive without it, and not to commit any offense against the laws of Texas, any other state, or the United States.

The only issue at the revocation hearing was whether, as the State alleged, Perkins violated his agreement with the trial court by subsequently driving and operating a motor vehicle on a public highway in Travis County, Texas, on January 23, 2019, while his Texas operator's license was suspended. The trial court could have reasonably found, based on the greater weight of the credible evidence before it, that Perkins violated a condition of probation as alleged. *See Rickels*, 202 S.W.3d at 764. The evidence showed that on the evening of January 23, 2019, Perkins was behind the wheel of a car, placed his keys in the ignition, turned the ignition on, put

6

the car in drive, and stepped on the gas; that the car moved forward and was in motion on Manchaca Road, a public road in Travis County; that Perkins did not have a driver's license or valid insurance; and that he had no plans to get a valid driver's license in the state of Texas.

We conclude that the revocation-hearing evidence, considered in the light most favorable to the ruling, was sufficient to support the trial court's finding that Perkins violated a condition of his community supervision when he was again arrested for driving on a public roadway without a valid license, and that the trial court's finding was within the zone of reasonable disagreement. Thus, the trial court did not abuse its discretion by revoking Perkins's community supervision. *See Wade*, 83 S.W.3d at 839-40. We overrule Perkins's fifth issue.

**Appointment of standby counsel**

Perkins also complains that the trial court appointed standby counsel for him when there was no showing of his indigence. Perkins never informed the trial court that the lack of a showing of indigence was the basis for his complaint about standby counsel's appointment. "Unless the complaint on appeal comports with the trial objection, nothing is preserved for review." *Harnett v. State*, 38 S.W.3d 650, 661 (Tex. App.—Austin 2000, pet. ref'd); *see* Tex. R. App. P. 33.1(a); *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014) (concluding that preservation of complaint for appellate review requires defendant to make specific objection, obtain ruling on that objection, and present point of error on appeal comporting with objection made to trial court). Thus, Perkins failed to preserve for review the appellate complaint that he now raises as to the appointment of standby counsel.

Moreover, standby counsel may be appointed, even over the accused's objection, "to aid the accused if and when the accused requests help, and to be available to represent the

7

accused in the event that termination of the defendant's self-representation is necessary." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975); *see Culverhouse v. State*, 755 S.W.2d 856, 861 (Tex. Crim. App. 1988) ("A court has the authority to appoint standby counsel even over the objections of an unwilling defendant."). Thus, even if this issue were preserved for appellate review, Perkins fails to explain how the trial court abused its discretion by appointing standby counsel. *See* Tex. R. App. P. 38.1(i). We overrule Perkins's second issue.

**Exclusion of testimony from "expert" witness**

Perkins further contends that the trial court abused its discretion by excluding testimony from his "expert" witness on "transportation matters." The witness was offered as an expert on jurisdictional and statutory construction issues and specifically for his opinions on the applicability of statutes in the Texas Transportation Code and whether such statutes contain a consent element. *Cf. Perkins*, 772 F. App'x at 246-47 (rejecting Perkins's "simply incorrect" contention that to be regulated under Texas Transportation Code requires one's consent). "A trial judge's decision to admit expert testimony is reviewed for an abuse of discretion and may not be reversed unless that ruling fell outside the zone of reasonable disagreement." *Blasdell v. State*, 470 S.W.3d 59, 62 (Tex. Crim. App. 2015).

Statutory construction is a question of law. *Kuhn v. State*, 45 S.W.3d 207, 209 (Tex. App.—Texarkana 2001, pet. ref'd). An expert witness may not testify as to his opinion on matters of statutory construction or pure questions of law. *Anderson v. State*, 193 S.W.3d 34, 38 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Here, because the excluded witness testimony concerned opinions on matters about which the witness may not testify—including legal questions on the applicability and content of the Texas Transportation Code—the trial court did

8

not abuse its discretion by excluding the testimony. *See Baxter v. State*, 66 S.W.3d 494, 504 (Tex. App.—Austin 2001, pet. ref'd). We overrule Perkins's third issue.

**Recusal of trial court judge**

Lastly, Perkins asks whether the trial-court judge that presided over the revocation hearing should be "permanently" recused from Perkins's cases. The record contains no order concerning a motion to recuse, and Perkins acknowledges that he did not obtain one. Without an adverse ruling on a recusal motion, Perkins has failed to preserve this issue for our review. *See* Tex. R. App. P. 33.1(a); *see also* Tex. R. Civ. P. 18a(j) (discussing appellate review of orders on motions to recuse); *Yazdchi*, 428 S.W.3d at 844 (concluding that preservation of complaint for appellate review requires, among other things, that defendant obtain ruling on objection made to trial court). We overrule Perkins's seventh and final issue.

## CONCLUSION

We affirm the trial court's May 6, 2019 order revoking Perkins's community supervision and pronouncing sentence.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Smith

Affirmed

Filed: April 13, 2022

Do Not Publish

9