

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00504-CR

Christopher **DE LA ROSA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR1530
Honorable Joel Perez, Judge Presiding

Opinion by: Irene Rios, Justice

Sitting: Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Adrian A. Spears II, Justice

Delivered and Filed: November 26, 2025

AFFIRMED

In three issues, appellant Christopher De la Rosa appeals his conviction for the aggravated sexual assault of a child less than fourteen years old. In his first issue, De la Rosa complains the trial court abused its discretion, violating article 38.371 of the Texas Code of Criminal Procedure, Texas Rules of Evidence 403 and 404(b), and the rules against hearsay when admitting into evidence testimony regarding extraneous or bad acts. In his second issue, still concerning the same extraneous or bad acts evidence, De la Rosa asserts the trial court's admission of the evidence

violated his right to present a defense and right to confront witnesses under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. In his third issue, De la Rosa argues the trial court erred by allowing the State's expert to testify about the veracity of the complainant's allegations when the expert opined that she was concerned the complainant had been sexually abused. We affirm.

## BACKGROUND

De la Rosa was indicted for the aggravated sexual assault of his daughter, C.C.,[1] who was less than fourteen years old at the time of the assault. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B). According to C.C., while she and her brother were visiting De la Rosa, C.C. woke up to find her father sexually assaulting her by digitally penetrating her vagina. She told him to stop, and C.C. said he got mad but stopped. C.C. was seven years old at that time and stated at trial that the incident she testified about was not the first time her father had inappropriately touched her. C.C. did not immediately tell anyone about the incident and even denied being sexually abused by her father when interviewed by a Texas Department of Health and Human Services investigator when C.C. was in fourth grade and her parents were going through a divorce.

Later, however, when C.C. was in fifth grade, she spoke to a school counselor after playing a "truth or dare" game at school with a schoolmate wherein the boy touched her inappropriately and she was made to touch the boy. C.C. also finally expressed to the school counselor that her father had touched her inappropriately as well. The school counselor reported the alleged abuse to the police.

---

[1] To protect the victim's privacy, we refer to her by a pseudonym. *See* TEX. R. APP. P. 9.10.

C.C. explained to the responding officer, San Antonio Police Officer Jesus Monsivais, the details of her father's sexual abuse. When Officer Monsivais testified, he corroborated C.C.'s testimony. Officer Monsivais stated C.C. told him about the incident wherein C.C. woke up to find her father digitally penetrating her vagina. According to Officer Monsivais, C.C. also told him about the school incident and about previous sexual incidents with De la Rosa.

Other persons associated with the investigation also spoke with C.C., including the State's expert, who testified at trial that she examined and spoke to C.C. about her father's sexual abuse. C.C. also spoke with an independent forensic interviewer who interviewed C.C. after the sexual abuse was reported.

The jury convicted De la Rosa for sexually assaulting his daughter by digital penetration while she was under the age of fourteen years old. *See id.* The trial court assessed De la Rosa a thirty-year prison sentence. De la Rosa appeals.

## EXTRANEOUS OR BAD ACT EVIDENCE

Claiming both evidentiary errors and constitutional violations, De la Rosa argues in his first and second issues that the trial court abused its discretion when it allowed the forensic interviewer, Myriam Sandoval, to testify regarding extraneous or bad acts she learned about during C.C.'s forensic interview.

*A. Applicable Facts*

In a hearing outside the jury's presence and prior to Sandoval's testimony, De la Rosa objected to the admission of Sandoval testifying that C.C. told her that De la Rosa would shower with C.C., and it made C.C. feel uncomfortable. The State responded claiming it would not solicit such evidence from Sandoval, and Sandoval did not later testify about it. Next, De la Rosa objected to Sandoval testifying C.C. told her that De la Rosa "hit and punched her, leaving bruises[,]"

because the evidence is more prejudicial than probative. The trial court overruled De la Rosa's objection, stating the testimony was not unfairly prejudicial as the prejudice did not outweigh its probative value. It stated the testimony was relevant to establish the relationship between De la Rosa and C.C. and that C.C. first told Sandoval about being hit by her father.

When the trial court attempted to clarify De la Rosa's asserted objections that the evidence was irrelevant, unfairly prejudicial, and hearsay, De la Rosa added, "[T]o constitutionalize it, [the objections to the admission of the testimony] would be the Fourteenth Amendment and the Fifth Amendment under the United States Constitution to present a defense." The trial court noted De la Rosa's objections and overruled them. The State then called Sandoval as its next witness.

Sandoval, a forensic interviewer with a child advocacy center, testified about her interview with C.C. Sandoval told the jury that C.C. "made outcries of sexual abuse by being touched on her vaginal area[,]" more specifically, "touched on her vagina with a finger on—skin-to-skin contact." Sandoval also testified C.C. disclosed that De la Rosa "hit and spanked" her. De la Rosa objected to Sandoval's testimony as hearsay. The trial court overruled De la Rosa's objection, finding the evidence was admissible under article 38.371 of the Texas Criminal Code of Procedure.

The trial court included in the jury charge a limiting instruction about evidence of any other alleged acts of misconduct by De la Rosa against C.C. The limiting instruction informed the jury that if such evidence was admitted, it was admitted only for "the purpose of showing the state of mind of [De la Rosa] and [C.C.] and the previous and subsequent relationship between [De la Rosa] and [C.C.], if it does, and for no other purpose."

*B. Standard of Review*

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018). Under this standard, we will uphold

the trial court's decision to admit or exclude evidence as long as it is within the zone of reasonable disagreement and the trial court's decision is correct under any applicable theory of law. *Id.*; *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009). The erroneous admission of evidence qualifies as non-constitutional error. *See* TEX. R. APP. P. 44.2(b); *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004).

### C. Challenged Rulings Pertaining to the Texas Rules of Evidence

Referring to Texas Rules of Evidence 403 and 404(b), the rules against hearsay, and Texas Code of Criminal Procedure article 38.371, which is subject to the Texas Rules of Evidence, De la Rosa argues in his first issue that the trial court abused its discretion in admitting Sandoval's testimony regarding De la Rosa's sexual abuse of C.C. and that he spanked and hit her.

#### 1. Applicable Law

Generally, hearsay evidence is not admissible unless an exception to the rule against hearsay applies. *See* TEX. R. EVID. 802, 803. Texas Rule of Evidence 801 defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d).

Relevant evidence is generally admissible if it tends to make a fact of consequence more or less probable than it would be without the evidence. *See* TEX. R. EVID. 401, 402; *see also Shuffield v. State*, 189 S.W.3d 782, 786–87 (Tex. Crim. App. 2006). However, evidence of a crime, wrong, or act other than the offense charged is not admissible to prove that the defendant acted in conformity with his character but may be admissible for other purposes. *See* TEX. R. EVID. 404(b); *see also Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). Such evidence may be admissible when it has relevance apart from character conformity, "such as proving motive,

opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b)(2); *see also Devoe*, 354 S.W.3d at 469.

In addition to rule 404(b), Texas Code of Criminal Procedure article 38.371 applies in family-violence prosecutions and expressly allows "evidence of all relevant facts and circumstances that would assist the trier of fact in determining whether the actor committed the offense[,] including testimony or evidence regarding the nature of the relationship" between the victim and defendant. TEX. CODE CRIM. PROC. ANN. art. 38.371(b); *see James v. State*, 623 S.W.3d 533, 545 (Tex. App.—Fort Worth 2021, no pet.). Areas of relevant and admissible extraneous-offense evidence that complies with article 38.371, and that serve non-character-conformity purposes in compliance with rule 404(b), "include evidence that: (1) explains why a victim of domestic violence is unwilling to cooperate with prosecution; (2) confirms the victim's initial—and later recanted—statements to police; or (3) contextualizes the nature of the relationship between victim and assailant." *Fernandez v. State*, 597 S.W.3d 546, 565 (Tex. App.—El Paso 2020, pet. ref'd) (citing *Gonzalez v. State*, 541 S.W.3d 306, 312 (Tex. App.—Houston [14th Dist.] 2017, no pet.)). Article 38.371, however, "does not permit the presentation of character evidence that would otherwise be inadmissible under the Texas Rules of Evidence or other applicable law[.]" TEX. CODE CRIM. PROC. ANN. art. 38.371(b), (c).

Thus, relevant, admissible evidence "must be excluded when its probative value 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.'" *Reese v. State*, 340 S.W.3d 838, 840 (Tex. App.—San Antonio 2011, no pet.) (quoting TEX. R. EVID. 403). "Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Id.* at 840–41 (citing *Gallo v. State*,

239 S.W.3d 757, 762 (Tex. Crim. App. 2007)). To determine whether to admit or exclude evidence when counsel asserts a rule 403 objection, the trial court balances the following factors:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

2. Analysis

With respect to Sandoval's testimony that C.C. conveyed to her that De la Rosa spanked and hit her, the State did not offer the evidence to prove the truth of the matter asserted. *See* TEX. R. EVID. 801(d)(2). Rather, like the evidence in *Koury v. State*, "the objected-to question[] did not impliedly convey the content[, if any, of the complainant's] interview statements." 684 S.W.3d 537, 550 (Tex. App.—Austin 2024, pet. ref'd). Sandoval's objected-to statement did not provide details or any incidents of physical abuse. *See id.* at 551.

Moreover, Sandoval's testimony that C.C. disclosed to her that De la Rosa spanked or hit her falls within the hearsay exception as a statement of the declarant's then-existing emotional, mental, or physical condition. *See* TEX. R. EVID. 803(3) (defining the exception as "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)"). The evidence concerning C.C. being spanked or hit by her father related to C.C.'s state of mind and emotions as she spoke to Sandoval during her forensic interview. *See id.*

Additionally, pursuant to article 38.371 of the Texas Code of Criminal Procedure concerning the admission of extraneous evidence, the admission of the evidence about De la Rosa

spanking or hitting C.C. does not run afoul of the Texas Rule of Evidence as it reveals the nature of the relationship between C.C. and De la Rosa, specifically in family-violence prosecutions. *See* TEX. CODE CRIM. PROC. ANN. art. 38.371(b) (providing for the admission of extraneous or bad act evidence under certain circumstances in family-violence cases). When C.C. testified, she explained that upon waking up with De la Rosa's finger in her vagina and telling her father to stop, De la Rosa got mad. This made her feel scared and nervous. De la Rosa also attempted to discredit C.C. when asking her why she did not tell the Department's investigator about the sexual abuse when questioned during her parents' divorce. Thus, Sandoval's testimony about C.C. being spanked and hit by her father helps to explain the family's dynamics and possibly why C.C. delayed in reporting her father. *See Rodriguez v State*, 678 S.W.3d 375, 387 (Tex. App.—Dallas 2023, pet. ref'd) ("Each of the challenged acts would assist the jury in determining whether [the defendant] committed the assault, whether by illustrating [the defendant's] motives (jealous paranoia and control), by shedding light on the relationship's dynamics, by establishing identity, or by allowing the true version of events to shine through when [the complainant] changed her story."); *Brickley v. State*, 623 S.W.3d 68, 81 (Tex. App.—Austin 2021, pet. ref'd) (holding evidence regarding prior abuse in an aggravated sexual assault case was admissible under article 38.371 to contextualize the nature of the relationship and help explain the complainant's hesitancy to report the offense). The evidence was admissible under article 38.371(b). *See* TEX. CODE CRIM. PROC. ANN. art. 38.371(b).

As for the trial court's rule 403 ruling, extraneous evidence of C.C. being spanked or hit had significant probative value to help explain C.C.'s delayed outcry by revealing the nature of C.C.'s relationship with De la Rosa. In addition, the evidence had minimal potential for unfair prejudice and required little time to present. The severity of the extraneous evidence dwarfed in

comparison to the magnitude of the charged offense. *See Dies v. State*, 649 S.W.3d 273, 286 (Tex. App.—Dallas 2022, pet. ref'd) (stating that the potential for unfair prejudice is diminished where the extraneous offense is "no more serious than" the charged offense). Sandoval's testimony about the extraneous evidence accounted for less than a page of the record. Moreover, any tendency to draw impermissible inferences of character conformity "can be minimized through a limiting instruction," and the trial court gave such an instruction. *See Lane v. State*, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996).

We conclude that the trial court, after balancing the rule 403 factors, could have reasonably concluded that the probative value of the evidence in question was not substantially outweighed by the danger of unfair prejudice or the remaining rule 403 factors. *See Gigliobianco*, 210 S.W.3d at 641–42.

With respect to Sandoval's testimony about C.C.'s disclosure surrounding the underlying sexual assault itself, even if we assume without deciding that the trial court erred in admitting the evidence, the error would not be reversible. *See* TEX. R. APP. P. 44.2(b); *see Reese v. State*, 33 S.W.3d 238, 243 (Tex. Crim. App. 2000) (providing that a non-constitutional error will not result in reversal, if after examining the record as a whole, the reviewing court is reasonably assured the error did not influence the jury's verdict or had but a slight effect); *Koury*, 684 S.W.3d at 551; *see also Cook v. State*, 665 S.W.3d 595, 600 (Tex. Crim. App. 2023) ("The erroneous admission of evidence 'will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling.'") (quoting *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)). C.C. testified about the details of De la Rosa's sexual assault. Officer Monsivais, the outcry witness, corroborated C.C.'s detailed account. Dr. Kissoon testified about her concern that C.C. had been sexually abused based on the information C.C. disclosed during

Dr. Kissoon's medical evaluation. Thus, Sandoval presented no new evidence regarding the charged offense; the jury had already heard the details from C.C. and other corroborating evidence. *See Koury*, 684 S.W.3d at 551, *see also Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (holding when challenged evidence is cumulative of other evidence properly admitted, any erroneous admission of evidence is harmless).

De la Rosa's first issue is overruled.

### D. Alleged Constitutional Violations

In his second issue, De la Rosa complains that the admission of Sandoval's testimony violated his Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. *See* U.S. CONST. amends. V, VI, XIV. However, prior to Sandoval's testimony, De la Rosa raised constitutional violations to his right to present a defense under the Fifth and Fourteenth Amendments, but at no time did he assert a Confrontation Clause violation under the Sixth Amendment.

To preserve a complaint for appellate review, the complaining party must present a timely request, objection, or motion to the trial court which states the specific grounds for the desired ruling unless the specific grounds are apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1)(A); *see also Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014). "Failure to preserve error at trial forfeits the later assertion of that error on appeal." *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) (citation omitted). "[A]lmost all error—even constitutional error—may be forfeited if the appellant fail[s] to object" during trial. *See id*. (citing *Aldrich v. State*, 104 S.W.3d 890, 894–95 (Tex. Crim. App. 2003)). "This is true even though the error may concern a constitutional right of the defendant." *Id*. Moreover, the issue on appeal must comport with the objection made at trial. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). "An

objection stating one legal theory may not be used to support a different legal theory on appeal." *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).

De la Rosa did not raise a Sixth Amendment Confrontation Clause violation at trial. De la Rosa's complaint on appeal that the admission of Sandoval's testimony violated his right of confrontation does not comport with De la Rosa's objection at trial, and therefore he has waived this complaint for appellate review. *See Fuller*, 253 S.W.3d at 232. Nevertheless, assuming De la Rosa had preserved this issue for appeal, the Confrontation Clause is not implicated because C.C. testified at trial and was subject to cross-examination. *See Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004) ("[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements."); *see also Woodall v. State*, 336 S.W.3d 634, 642 (Tex. Crim. App. 2011).

Moreover, based on our review of De la Rosa's appellate brief, De la Rosa failed to argue how the admission of Sandoval's testimony prevented De la Rosa from presenting a defense at trial. To the extent De la Rosa now attempts to link his complaint about his inability to present a defense to a violation of the Confrontation Clause, De la Rosa's objection at trial does not comport with his appellate argument. *See Broxton*, 909 S.W.2d at 918. Absent a specific appellate argument about how the admission of Sandoval's testimony allegedly violated his right to present a defense under the Fifth or Fourteenth Amendments, we cannot conclude De la Rosa's Fifth or Fourteenth Amendment constitutional rights, in addition to his confrontational rights discussed above, have been violated either.

De la Rosa's second issue is overruled.

### ADMISSION OF EXPERT'S DIAGNOSIS TESTIMONY

In his third issue, De la Rosa complains the trial court erred when it allowed the State's expert, Dr. Natalie Kissoon, to testify that "she believed and was concerned" that C.C. had been sexually assaulted, claiming Dr. Kissoon's testimony was tantamount to vouching for C.C.'s credibility. The State argues De la Rosa failed to preserve this issue for appellate review; and, even assuming he preserved error, the trial court did not err in admitting Dr. Kissoon's testimony.

*A.   Applicable Facts*

Prior to Dr. Kissoon testifying, the trial court conducted a *Daubert*[2] hearing regarding Dr. Kissoon's testimony. De la Rosa did not challenge Dr. Kissoon's qualifications as an expert. Instead, De la Rosa objected to Dr. Kissoon testifying that C.C. was in fact sexually assaulted by De la Rosa.

After both parties questioned Dr. Kissoon, the State clarified Dr. Kissoon would not testify that C.C. was sexually assaulted or that De la Rosa was the person who abused C.C. The trial court then asked De la Rosa to state his objection, and he replied, "Well, I don't have any objection - - [.]" However, De la Rosa continued to express concern that in addition to Dr. Kissoon testifying about C.C.'s medical diagnosis regarding Dr. Kissoon's "concern for sexual abuse," Dr. Kissoon would also identify De la Rosa as the perpetrator. The State confirmed that while Dr. Kissoon could testify about what C.C. told her, Dr. Kissoon "cannot say that she believes [De la Rosa] committed the act[,]" to which De la Rosa responded, "That's fine." The *Daubert* hearing concluded, and De la Rosa did not raise further objections concerning the admission of Dr. Kissoon's medical diagnosis.

Dr. Kissoon, whose practice involves conducting medical evaluations of children believed to have been sexually abused, testified about her medical evaluation of C.C. When asked what

---

[2] *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

percentage of children that Dr. Kissoon evaluates for suspected sexual abuse involves "an outcry that's of a delayed nature," Dr. Kissoon replied, "Most of the children." Dr. Kissoon added that in her experience and as indicated by the medical literature, children usually wait two to two and a half years before disclosing sexual abuse.

Dr. Kissoon testified that when talking to C.C. about her general history, C.C. disclosed to Dr. Kissoon that De la Rosa had "digital vaginal contact on multiple occasions" with C.C. And although C.C.'s physical exam was reported as "normal," Dr Kissoon explained that ninety-five percent to ninety-six percent of children examined for suspected sexual abuse have "normal" physical exams. After concluding her evaluation of C.C., Dr. Kissoon opined that her final assessment of C.C. was "concerning for sexual abuse."

Dr. Kissoon never testified that C.C. was in fact sexually assaulted or that De la Rosa committed the sexual abuse.

### B. Preservation of Error

As previously stated, to preserve a complaint for appellate review, the complaining party must present a timely request, objection, or motion to the trial court stating the specific grounds for the desired ruling unless the specific grounds are apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1)(A); *see also Yazdchi*, 428 S.W.3d at 844. The appellate issue must also comport with the objection made at trial. *See Clark*, 365 S.W.3d at 339. And "an objection must be made each time inadmissible evidence is offered unless the complaining party obtains a running objection or obtains a ruling on his complaint in a hearing outside the presence of the jury." *Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008).

During the *Daubert* hearing, De la Rosa objected to Dr. Kissoon testifying that C.C. indeed was sexually assaulted and that De la Rosa committed the sexual assault, thereby, bolstering C.C.'s

testimony regarding the sexual abuse. The State, however, clarified that Dr. Kissoon would not be providing such testimony. Rather, Dr. Kissoon would only communicate to the jury what C.C. conveyed to her as part of C.C.'s medical history and would not testify she believed De la Rosa sexually assaulted C.C. When the State dispelled De la Rosa's concerns, both De la Rosa and the trial court indicated "that's fine." When Dr. Kissoon testified at trial that her "assessment of the case was concerning for sexual abuse," De la Rosa did not assert a new objection. Even after agreeing to the admission of Dr. Kissoon's report, which reflected redactions agreed to by the parties, De la Rosa did not object. Thus, De la Rosa has not preserved his third issue for our review. *See Lopez*, 253 S.W.3d at 684; *see also* TEX. R. APP. P. 33.1(a)(1)(A).

As provided below, even if we assume without deciding that De la Rosa preserved error regarding Dr. Kissoon's expert testimony, the trial court did not err in admitting the testimony.

### C. Standard of Review and Applicable Law

We review a trial court's ruling on the admissibility of expert testimony for an abuse of discretion. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019). Under this standard, we will uphold the trial court's decision if it is within the "zone of reasonable disagreement." *Beham*, 559 S.W.3d at 478. As indicated above, if the trial court's evidentiary ruling is correct on any applicable theory of law, we will not disturb it even if the trial court gave the wrong reason for its correct ruling. *De La Paz*, 279 S.W.3d at 344; *Qualls v. State,* 547 S.W.3d 663, 675 (Tex. App.—Fort Worth 2018, pet. ref'd).

Rule 702 allows a witness who is "qualified as an expert by knowledge, skill, experience, training, or education" to "testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." TEX. R. EVID. 702. "Expert testimony does not assist the jury if it

constitutes 'a direct opinion on the truthfulness' of a child victim's allegations." *Reyes*, 274 S.W.3d at 729 (quoting *Yount v. State*, 872 S.W.2d 706, 709 (Tex.Crim.App.1993)). "An expert may testify that the witness exhibits symptoms consistent with sexual abuse, but not that a witness is truthful." *Reyes*, 274 S.W.3d at 729.

### D. Analysis

Here, Dr. Kissoon did not comment on C.C.'s truthfulness. Rather, the record reflects Dr. Kissoon performed a full examination on C.C. Although Dr. Kissoon testified she made no physical findings of abuse during the examination, the information C.C. communicated to Dr. Kissoon led Dr. Kissoon to provide a medical diagnosis of "concern[] for sexual abuse."

Moreover, after reviewing Dr. Kissoon's testimony, we cannot conclude it had any bearing on the truthfulness of C.C.'s allegations. Dr. Kissoon's testimony, much like the results of a physical examination, was merely evidence corroborating the existence of a sexual assault. *See Johnson v. State*, 432 S.W.3d 552, 556 (Tex. App.—Texarkana 2014, pet. ref'd) (holding expert testimony that PTSD was caused by sexual abuse was corroborating evidence and did not constitute comment on truthfulness). As stated by our sister court, such evidence "does not point the finger at any particular person." *Id*. "Instead, this type of evidence merely verifies that the child was sexually assaulted." *Id.*

Thus, even if we assume De la Rosa preserved error regarding Dr. Kissoon's expert testimony, the trial court did not err in admitting it.

De la Rosa's third issue is overruled.

**CONCLUSION**

Because we overrule De la Rosa's three issues, we affirm the trial court's final judgment of conviction.

Irene Rios, Justice

DO NOT PUBLISH